■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. HARWOOD, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered January 12, 1981, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the third degree and criminal possession of a controlled substance in the seventh degree. Following his arrest on March 14, 1980, defendant was indicted for criminal possession of marihuana, second degree (more than 16 ounces) and criminal possession of a controlled substance, fifth degree (possession with intent to sell methaqualone). After denial of suppression of the evidence seized on the ground a search warrant was defective on its face, defendant pleaded guilty to the reduced charge of criminal possession of marihuana, third degree, and possession of a controlled substance, seventh degree, and was sentenced. The sole argument on this appeal attacks the sufficiency of the supporting affidavits used by police to obtain a search warrant. The judgment is affirmed. Defendant's argument is that the issuance of the search warrant failed the test of *Aguilar v Texas* (378 US 108). He contends that the warrant was issued upon the affidavit of the police officer which itself was based upon an affidavit of an informer. *Aguilar v Texas* (warrant based solely upon a hearsay report by an unidentified informant) held that although the officer's affidavit may be based upon hearsay informa-

tion and need not reflect the direct personal observations of the affiant, the magistrate issuing the warrant must be satisfied that the source of the information was credible or the information was reliable. In other words, the affidavits must provide a sufficient basis for a finding of probable cause to believe a crime was being committed. In *People v Elwell* (50 NY2d 231, 242), the Court of Appeals held that "[a] Magistrate in issuing a warrant may, however, act on the basis of observation confirmed noncriminal detail but should do so only when in his judicial opinion the noncriminal detail received from the informant is so explicit and extensive and so well confirmed by police observation as to warrant the inference that the informant or his source was speaking from personal observation." The record here discloses a factual situation far different from both *Aguilar v Texas* (378 US 108, *supra*) and *People v Elwell* (50 NY2d 231, *supra*). Here, the informant was disclosed and the statement made was against his own penal interest (cf. *People v Maerling,* 46 NY2d 289; *People v Brown,* 40 NY2d 183), and it described in detail his own personal participation in the purchase of marihuana from defendant inside the premises to be the subject of the search warrant. The situation here presented is clearly distinguishable from those cases in which arrests and search warrants which followed rested solely on uncorroborated tips by an anonymous informer (cf. *People v Elwell,* 50 NY2d 231, *supra; People v Horowitz,* 21 NY2d 55; *People v Dinkins,* 76 AD2d 655). Nor was it bottomed solely on the conclusion of the informant, without a disclosure of the manner in which he came to acquire his knowledge (*People v West,* 44 NY2d 656; *People v Wirchansky,* 41 NY2d 130). Here there was more. The source of the information came from a direct participant in the crime. Under these circumstances, the reliability of the information furnished is sufficiently complete to warrant giving credence to it (*Draper v United States,* 358 US 307). Judgment affirmed. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.