THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TUNE, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 29, 1982, upon a verdict convicting defendant of

---

the crime of criminal sale of a controlled substance in the third degree. ¶ As a result of information provided by two informants that defendant sold them cocaine on several occasions, police officers, on June 4, 1982, procured a warrant to search defendant's apartment. During the execution of the warrant, which uncovered certain drug paraphernalia and a quantity of marihuana, defendant made certain incriminating statements. Defendant was indicted for third degree criminal sale of a controlled substance based on the allegation that he sold cocaine to the informants on April 14, 1982. Defendant's motion to suppress the oral statements and tangible evidence obtained pursuant to the search warrant was denied. After a jury trial, defendant was found guilty as charged and was sentenced to an indeterminate term of 6 to 18 years. This appeal by defendant ensued. ¶ Initially, we reject defendant's contention that his suppression motion was erroneously denied. Testimony at the suppression hearing created a question of fact regarding whether defendant was given his *Miranda* rights. The trial court was in a unique position to assess the credibility of the witnesses and, upon our reading of the record, it cannot be said that its determination was erroneous (see *People v Prochilo,* 41 NY2d 759, 761; *People v Armstead,* 98 AD2d 726). Moreover, defendant's inquiry of an Assistant District Attorney regarding whether he thought defendant needed a lawyer cannot be said to "constitute the kind of unequivocal invocation of the right to counsel which * * * prevents either further police interrogation or the existence of a valid waiver in the absence of counsel physically present" (*People v Walker,* 87 AD2d 725, 726). ¶ We also turn away defendant's argument that the search warrant was improperly issued. The reliability of the informants was established by their statements against their penal interests (*People v Harwood,* 90 AD2d 923, 924), and the reliability of the information was established by the informants' personal knowledge and detailed observations of defendant's conduct (*People v McCracken,* 91 AD2d 339, 341). Moreover, based on the facts of this case, the six-week time period between the last time the informants saw defendant sell cocaine and the time that the search warrant was sought did not render the information stale (see *People v Teribury,* 91 AD2d 815, 816). Thus, in our view, the statements of the informants amply supported the issuance of the search warrant (see *People v Brown,* 95 AD2d 569). ¶ Defendant also alleges as error the trial court's failure to charge that the two informants, each of whom testified to purchasing cocaine from defendant on April 14, 1982, as part of the People's evidence-in-chief, were accomplices such that independent corroboration was required (CPL 60.22, subd 1). CPL 60.22 (subd 2) broadened the definition of an accomplice, for corroboration purposes, to include, in some circumstances, witnesses who are not criminally responsible as principals or accessories to the offense being tried: "An 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) The offense charged; or (b) *An offense based upon the same or some of the same facts or conduct which constitute the offense charged*" (emphasis added). Although a witness need not actually be charged with any offense to be deemed an accomplice (*People v Berger,* 52 NY2d 214, 219), he "would necessarily have to be at least potentially subject to sanctions of a penal character for his participation in the crimes of the defendant on trial" (*People v Fielding,* 39 NY2d 607, 610). In the instant case, while the witnesses could not be subject to prosecution for criminal sale of a controlled substance, they would be potentially subject to prosecution for criminal possession of a controlled substance since the evidence indicates that they knowingly and unlawfully* possessed cocaine as soon as they made the purchase (Penal Law,

* There is no evidence that, at the time of the purchase on April 14, 1982, the informants were acting as agents of the police so as to arguably render their possession

§ 220.03). Therefore, the witnesses were accomplices for the purpose of corroboration and the jury should have been so charged. The failure to do so was necessarily harmful error (*People v Minarich,* 46 NY2d 970, 971; *People v Jenner,* 29 NY2d 695, 696). ¶ Since a new trial is necessary, we note our view that the trial court properly allowed one of the witnesses to testify about prior sales of cocaine by defendant. Evidence of prior criminal conduct is, of course, inadmissible as proof of a criminal disposition (*People v Santarelli,* 49 NY2d 241, 247). Such evidence is admissible if it is probative of any material element of the crime or works to negate any defense (*People v Rose,* 84 AD2d 645, affd 57 NY2d 837). Intent or knowledge is a necessary element of the crime charged (Penal Law, § 220.39) and, since a general denial was interposed, every element of the crime was in issue (*People v Rose, supra*). Since evidence of other crimes may be probative of intent or of a common scheme or plan (see *People v Molineux,* 168 NY 264), the challenged testimony was properly admitted. ¶ Judgment reversed, on the law, and matter remitted to County Court of Albany County for a new trial. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

of the cocaine not "unlawful".