■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES WEBSTER, III, Respondent.—Weiss, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered August 7, 1985, which, upon reargument, adhered to its prior decision granting defendant's motion to dismiss the indictment.

In May 1984, defendant was charged in a single-count indictment with the criminal sale of marihuana in the second degree stemming from the alleged sale of seven marihuana cigarettes to a 14-year-old boy. The indictment was, as the People concede, premised on the testimony of the purchaser. Upon review of the Grand Jury evidence, County Court dismissed the indictment for lack of sufficient evidence *(see,* CPL 190.65 [1]; 210.20 [1] [b]), finding that the People failed to advise the grand jurors that the purchaser was an accomplice whose testimony had to be corroborated pursuant to CPL 60.22. Upon reargument, the court adhered to its earlier decision.

On this appeal, the sole issue distills to whether a purchaser of marihuana is an accomplice of the seller. In *People v Tune* (103 AD2d 990), this court determined that pursuant to the broadened definition for accomplice set forth in CPL 60.22 (2), a purchaser in a drug sale is an accomplice of the seller for corroboration purposes. The same analysis pertains here. The People's reliance on *People v Lam Lek Chong* (45 NY2d 64, *cert denied* 439 US 935) is misplaced, for while the Court of Appeals observed that "the buyer is not considered an accomplice of the seller" *(id.,* p 73), this statement was made in the context of a substantive discussion of the agency defense. We further note that *People v Pasquarello* (282 App Div 405, *affd* 306 NY 759), which also held that the buyer was not an

accomplice, was decided under the former Code of Criminal Procedure which was judicially construed as limiting an accomplice to any individual subject to indictment with the accused as a principal *(id.,* pp 406-407). This is not the case under CPL 60.22, which broadens the definition of an accomplice beyond one criminally responsible as a principal or accessory to the offense in question *(People v Tune, supra,* p 991). Since it is clear that the purchaser here was potentially subject to prosecution for criminal possession of the marihuana, this witness was an accomplice for purposes of corroboration and the Grand Jury should have been so charged *(see,* CPL 60.22, 190.30 [1]). The failure to do so and the complete absence of any corroborative evidence warranted a dismissal of the indictment *(see,* CPL 190.65 [1]).

Order affirmed. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.