■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ARNOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Curci, J.), rendered July 10, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered; no questions of fact have been raised or considered.

The defendant's conviction arises out of a narcotics transaction observed by the police in Queens County on the afternoon of January 23, 1987. The crucial testimony against the defendant, the alleged seller, was supplied by the alleged buyer of the narcotics, who testified for the prosecution.

On the instant appeal, the defendant argues that reversible error was committed by the trial court when it (1) denied, prior to summations, the defense counsel's request that it charge the agency defense to the jury, and (2) failed to charge the jury that the alleged buyer of the drugs was an accomplice as a matter of law whose testimony had to be corroborated in order to convict the defendant.

We agree with defendant's arguments.

It is well settled that an agency charge must be given where there "is at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" *(People v Argibay,* 45 NY2d 45, 55; *see also, People v Roche,* 45 NY2d 78, 86). The agency defense is not an affirmative defense, but rather "may negate the existence of an element of the crime, namely, the sale or the intent to sell * * * [and a]ccordingly, the People are required to disprove agency beyond a reasonable doubt" *(People v Matos,* 123 AD2d 330, 331; *People v Roche, supra).* A review of the buyer's testimony indicates that the jury could reasonably have found therefrom that the defendant did not act as a seller since he failed to demonstrate common indicia of "Salesman-like behavior", e.g., "touting the quality of the product * * * bargaining over price * * * and apologizing for the quality of drugs or the manner of their delivery" *(People v Roche,* 45 NY2d, *supra,* at 85). In addition, the defendant used the buyer's money to purchase the cocaine, and when the defendant was arrested a moment after handing the drugs to her, neither drugs nor money was found on his person. These facts also supported an agency defense *(People v Roche, supra).* Under these circumstances, the court committed reversible error in refusing defense counsel's request for an agency charge. The People argue that defendant did not suffer any prejudice from this error, since the trial court gave the jury a "modified agency charge". However, the trial court's change of heart on this issue came too late to benefit the defense counsel who was compelled during summation, due to the court's

earlier ruling, to refrain from specifically arguing the defense of agency *(cf., People v Richards,* 67 AD2d 893). In addition, a review of the trial court's modified agency charge indicates that the trial court never expressly instructed the jury, as it should have, that the defendant had presented an agency defense which the People were required to disprove beyond a reasonable doubt *(People v Matos, supra).*

Finally, the purchaser of the drugs was an accomplice as a matter of law, whose testimony had to be corroborated in order to convict the defendant *(see,* CPL 60.22; *People v Tune,* 103 AD2d 990; *see also, People v Webster,* 123 AD2d 488). Although the defense counsel never requested an accomplice charge, reversal is warranted on this ground in the interest of justice, since her testimony "substantially contributed" to the defendant's conviction *(see, People v Ramos,* 68 AD2d 748, 754-755). Accordingly, the judgment of conviction must be reversed and a new trial ordered. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.