■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COMFORT, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's assertion that the statement of codefendant John Ives, tending to implicate defendant in the crime charged, was improperly admitted. We conclude that the statement of Ives to the undercover police officers that defendant was "part of the deal" was properly admitted under the exception to the hearsay rule that admissions of a coconspirator made in furtherance of the conspiracy are admissible against all other coconspirators.

It has long been a rule in New York that, although an admission made by one defendant is not binding upon, nor may it be used against, another defendant, the rule is different with respect to a conspiracy. Once a prima facie case of conspiracy has been made out, statements of each coconspirator made in furtherance of the conspiracy are admissible against all other coconspirators *(see, People v Berkowitz,* 50 NY2d 333, 341; *People v Salko,* 47 NY2d 230, 237). That defendant was not charged with conspiracy is of no moment *(see, People v Simone-Taylor,* 148 AD2d 933; *People v Hodge,* 141 AD2d 843, 845-846). "[T]he evidence was admissible since it tended to prove the defendant's 'commission of a substantive crime for which the conspiracy was formed' *(People v Salko, supra,* at 237)" *(People v Hodge, supra,* at 845-846). Here, the conspiracy was formed to sell cocaine to undercover agents and the People made out a prima facie case of conspiracy through the testimony of various witnesses, including coconspirators.

The inquiry, however, does not end here. The court bears the further burden of determining whether the admission of the statement would violate defendant's right of confrontation *(see, People v Sanders,* 56 NY2d 51, 64, *rearg denied* 57 NY2d 674). To determine whether the statement should be admitted, the court must determine whether the declarant is unavailable and whether the statements bear some indicia of reliability sufficient to justify their admissibility, even in the absence of cross-examination *(People v Sanders, supra).* We conclude that the statement in the present case passes the two-pronged test set out in *Sanders.* The declarant, John Ives, was unavailable because he was a codefendant and had indicated his intention to invoke his Fifth Amendment privilege should he be called to testify by defendant's attorney *(see, People v Brown,* 26 NY2d 88, 93-94). Moreover, that the statement was made to persons who Ives thought were engaged in a joint criminal enterprise, and that it implicated Ives in a joint criminal enterprise, provided sufficient assurance of its reliability *(see, People v Sanders, supra,* at 65).

Defendant further asserts that the only evidence connecting him to the drug sale was the testimony of accomplices Kelly and Servati, as well as the extrajudicial admission of codefendant Ives. He contends that the accomplice testimony was not corroborated by any evidence tending to connect him with the crime. We disagree.

"All that is necessary is to connect defendant with the crime in such a way that the jury may be reasonably satisfied

that the accomplice is telling the truth" *(People v Daniels,* 37 NY2d 624, 630). The corroborative evidence is sufficient in this case.

The proof at trial demonstrated that defendant was present in his vehicle, parked in front of Steven Kelly's house, at the time Kelly testified that the drug transaction was scheduled to occur *(see, People v Chamberlain,* 38 AD2d 306, 310). Further, defendant was observed talking with two persons by police officers who were surveilling the scene. This corroborates the testimony of both Kelly and Servati that they walked over to defendant's car and conversed with him while codefendant John Comfort was inside another vehicle with Ives and the police officers completing the drug transaction. In our view, this evidence sufficiently corroborates the accomplice testimony. We have reviewed the remaining arguments raised by defendant and find them to be without merit. (Appeal from judgment of Monroe County Court, Egan, J.—criminal possession of controlled substance, first degree, and another charge.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.