■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAN WARREN, Appellant.—Judgment unanimously affirmed. Memorandum: We conclude that the statements of the coconspirators tending to implicate defendant in the crimes charged were properly admitted into evidence under the hearsay exception governing admissions of a coconspirator made in furtherance of the conspiracy.

As we noted in *People v Comfort* (151 AD2d 1019, 1020, *lv denied* 74 NY2d 807) "[i]t has long been a rule in New York that, although an admission made by one defendant is not binding upon, nor may it be used against, another defendant, the rule is different with respect to a conspiracy". Statements of each coconspirator made in furtherance of the conspiracy are admissible against all other coconspirators once the People have made out a prima facie case of the existence of a conspiracy *(see, People v Berkowitz,* 50 NY2d 333, 341). The fact that defendant was not charged with conspiracy is of no consequence *(see, People v Comfort, supra; People v Simone-Taylor,* 48 AD2d 933, *lv denied* 74 NY2d 669). Here, the People made out a prima facie case of conspiracy to sell cocaine through the testimony of the informant and the undercover investigator.

The inquiry, however, does not end there. The court must determine whether the admission of the statements violates defendant's right of confrontation *(see, People v Sanders,* 56 NY2d 51, 64, *rearg denied* 57 NY2d 674). In making that determination, the court must decide whether the declarants are unavailable and whether the statements bear some indicia of reliability sufficient to justify their admissibility, even in the absence of cross-examination *(People v Sanders, supra).* Here, however, defendant acknowledged the unavailability of the declarants *(see, People v Comfort, supra; see also, People v Brown,* 26 NY2d 88, 93-94). Moreover, because the statements were made to persons who the coconspirators thought were engaged in a joint criminal enterprise, and because the state-

ments implicated the defendants in a joint criminal enterprise, there was sufficient assurance of reliability *(see, People v Sanders, supra,* at 65). In view of our determination that the statements meet the two-pronged test enunciated in *Sanders,* we do not address the People's contention that it is no longer necessary that the coconspirators be unavailable in order to establish a foundation for a coconspirator's statement *(see, United States v Inadi,* 475 US 387; *People v Sanders, supra,* at 64).

We have reviewed the remaining contentions raised by defendant and find them to be either unpreserved for our review or, where preserved, lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal possession of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Denman, Lawton and Davis, JJ.