■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA GREEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant and a codefendant were convicted, following a jury trial, on charges stemming from a buy-bust drug transaction. Prior to defendant's trial, Guy Diggs, another participant in the sale of cocaine, pleaded guilty and testified as a prosecution witness at defendant's trial. At trial, defendant's counsel requested the court, as a matter of trial strategy, not to give the accomplice-corroboration charge (CPL 60.22) to the jury because it would undermine his defense that Diggs and defendant were not working together *(see, People v Johnson,* 6 AD2d 181, 187 [Valente, J., dissenting]). On appeal defendant claims that it was reversible error for the court to have denied that request.

In our view, the trial court properly instructed the jury concerning the accomplice-corroboration requirements of CPL 60.22. The principles set forth in CPL 60.22 are "material legal principles applicable to the particular case" which the court is mandated to state to the jury pursuant to CPL 300.10 (2). Where, as here, the undisputed evidence establishes that the witness was an accomplice as a matter of law, courts have construed CPL 60.22 as an "imperative" *(People v Ramos,* 68 AD2d 748, 751) and held that the court's failure to instruct the jury that the accomplice's testimony must be corroborated in accordance with the language of CPL 60.22 was error, even in the absence of a request to so charge *(see, People v Arnott,* 143 AD2d 761, 763; *People v Ramos, supra,* at 753-755). Since

there is no question that Diggs was an accomplice as a matter of law (CPL 60.22 [2]), the court was required to so instruct the jury and also to instruct them that defendant could not be convicted on Diggs's testimony absent corroborative evidence *(see, People v Minarich,* 46 NY2d 970, 971). In our view, *People v Leon* (121 AD2d 1, 6, *lv denied* 69 NY2d 830) does not require a different result. If there is any language in *People v Leon (supra)* which could be interpreted as requiring a different result, then we decline to follow it.

Furthermore, in this case, after instructing the jury on the accomplice-corroboration rule, the trial court went on to admonish the jury that they were not to assume from anything contained in the court's charge that defendant in fact engaged in any criminal activity charged against him in the indictment and that they were not to make such an assumption because of what the court just charged them with respect to an accomplice. This cautionary instruction eliminated any potential prejudice to defendant.

County Court did not err in denying defense counsel's motion to strike the direct testimony of the informant who invoked his Fifth Amendment rights and refused to answer numerous questions on cross-examination. We note that the vast majority of questions asked related solely to the informant's credibility. The witness's refusal to answer such questions did not violate defendant's right of confrontation *(see, People v Farruggia,* 77 AD2d 447, 452; *United States v Cardillo,* 316 F2d 606, *cert denied* 375 US 822). Moreover, on a few occasions, when the questions on cross-examination addressed the subject matter of the informant's direct testimony, the prosecutor requested and the court granted the witness immunity in responding to the questions. Although the informant refused to answer questions about his receipt of money from the DEA for his services, which questions properly sought to establish the witness's interest, the court was not required to strike the witness's direct testimony because that subject matter was fully explored through other means, *to wit,* the cross-examination of agent Peterson and the documentation detailing the payments *(see, People v Chin,* 67 NY2d 22, 29-32).

Defendant correctly notes that the People had not yet made out a prima facie case of conspiracy when the court permitted hearsay statements of Guy Diggs into evidence during the testimony of agent Peterson. Any error in admitting such hearsay into evidence was harmless, however, because Diggs subsequently testified and was cross-examined by defense

counsel. Moreover, such testimony could properly have been received "subject-to-connection" and the People did, subsequently, make out a prima facie case of conspiracy to sell cocaine through the testimony of the informant and codefendant Diggs *(see, People v Warren,* 156 AD2d 972, *lv denied* 75 NY2d 925; *People v Comfort,* 151 AD2d 1019, 1020, *lv denied* 74 NY2d 807).

We have reviewed the other claims of defendant raised on appeal and find that they are without merit. (Appeal from Judgment of Erie County Court, Dillon, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.