■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PEREZ, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court erred in admitting the statements of coconspirator Benitez because the People failed to establish that Benitez was unavailable at the time of trial *(see, People v Ayala,* 75 NY2d 422, 432; *People v Sanders,* 56 NY2d 51, 62-64, *rearg denied* 57 NY2d 674; *People v Warren,* 156 AD2d 972, 973, *lv denied* 75 NY2d 925; *People v Comfort,* 151 AD2d 1019, 1020, *lv denied* 74 NY2d 807; *cf., United States v Inadi,* 475 US 387). The error is harmless, however, because the testimony of the undercover police officers provided overwhelming evidence of defendant's guilt and there is no reasonable possibility that the jury verdict would have been different but for the error *(see, People v Persico,* 157 AD2d 339, 349-350, *lv denied* 76 NY2d 895). The proof established that defendant introduced himself as Benitez's partner, gave orders during the drug sale transaction and grabbed the cocaine and ran upstairs at the time of the raid. We conclude that the evidence was legally sufficient to support the verdict and that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495; *People v Mullen,* 152 AD2d 260, 266). Defendant's remaining contentions lack merit. (Appeal from Judgment of Monroe County Court, Wisner, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.