(April 23, 1992)

■ The People of the State of New York, Respondent, v James R. Artis, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Sullivan County (Fromer, J.), rendered March 23, 1990, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the

third degree and criminally possessing a hypodermic instrument.

On March 9, 1989 Police Officers Bart Rasnick and John Calvello were across the street from Joe's Bar on Main Street in the Town of Fallsburg, Sullivan County, when they saw Mark Humes exit the bar about 8:00 P.M., followed several minutes later by defendant. Defendant approached Humes, at which time the officers saw Humes pass what appeared to be money to defendant; the officers then observed defendant take something from his pocket and pass it to Humes. Humes then left and reentered the bar. The area was known for high drug activity and the officers suspected that a drug buy had occurred. Calvello approached defendant, patted him down and detained him while Rasnick went into the bar where he found Humes in the bathroom with a vial of crack in his hand, which Humes claimed he bought from defendant. Humes was taken into custody and brought out to where defendant was being detained. Calvello told Rasnick what occurred and defendant was then formally arrested.

Defendant was indicted for criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1) and criminally possessing a hypodermic instrument in violation of Penal Law § 220.45. Defendant was found guilty as charged based upon Humes' testimony and that of the two officers; he was sentenced as a second felony offender to a prison term of 7½ to 15 years for criminal possession of a controlled substance and a concurrent definite term of one year for possession of a hypodermic instrument.

Defendant urges on this appeal that the evidence at trial was insufficient to establish defendant's guilt beyond a reasonable doubt; that County Court erred in failing to charge CPL 60.22 as to corroboration of accomplice testimony; that County Court's charge on reasonable doubt was insufficient; and that his sentence was harsh and excessive.

In viewing the evidence in the light most favorable to the People and giving them the benefit of each favorable inference (see, People v Perron, 172 AD2d 879, lv denied 77 NY2d 999), it cannot be said that the verdict is clearly against the weight of the evidence. As to County Court's failure to give a corroboration of accomplice testimony charge pursuant to CPL 60.22, we note that defendant's objection to this oversight is raised on appeal for the first time. Defendant neither requested the charge nor moved for an order of dismissal at the close of the People's case based upon the alleged insufficiency of the

evidence. We have held that a failure to raise the question at trial constitutes a waiver thereof on appeal *(see, People v Conklin,* 139 AD2d 156, 160, *lv denied* 72 NY2d 1044). However, Humes, as a purchaser of cocaine, was an accomplice as a matter of law *(see, People v Webster,* 123 AD2d 488, 488-489) so that defendant was entitled to such a charge *(see, People v Minarich,* 46 NY2d 970, 971). The People urge that the issue has not been preserved for appellate review and is meritless in any event *(see,* CPL 470.05 [2]). We disagree. Despite defendant's failure to preserve the issue for appeal, we elect nonetheless to address the question as a matter of discretion in the interest of justice in view of the fact that the case against defendant rests substantially on the testimony of Humes, an accomplice *(see, People v Minarich, supra; People v Green,* 170 AD2d 1024, 1024-1025, *lv denied* 78 NY2d 966; *see also, People v Arnott,* 143 AD2d 761, 763), and find the failure to charge to be reversible error.

We note, additionally, that defendant's objection to County Court's charge on reasonable doubt was also not raised at trial and would ordinarily be deemed waived on appeal *(see,* CPL 470.05 [2]; *People v Graziano,* 151 AD2d 775, *lv denied* 74 NY2d 809, 77 NY2d 961). However, when the charge on reasonable doubt is considered in conjunction with the failure to charge on corroboration of an accomplice's testimony, we are confronted with a serious breach of County Court's obligation to state the material legal principles applicable to the particular case *(see,* CPL 300.10 [2]). Here, the court erred in failing to charge the jury that reasonable doubt could be found in the lack of evidence presented *(see,* 1 CJI[NY] 6.20, at 249; *see, e.g., People v Roldos,* 161 AD2d 610, *lv denied* 76 NY2d 864). Although such deficiency is subject to harmless error analysis *(see, People v Crimmins,* 36 NY2d 230), the error here was not harmless. County Court admonished the jury on three occasions to consider only the facts that were admitted into evidence. As we observed previously, the evidence against defendant was far from overwhelming and reasonable doubt could have been found in the absence of evidence, thus making the failure to properly charge in this case highly prejudicial.

Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for a new trial.