■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MEJIA-GUZMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). His argument that the police lacked probable cause to stop him and that, therefore, everything obtained thereafter should be suppressed as "fruit of the poisonous tree" is misplaced because it is based upon the erroneous assumption that the initial stop of defendant constituted an arrest. The minimal intrusion of approaching a person to request information is permissible when there is some "objective credible reason for that interference not necessarily indicative of criminality" *(People v De Bour,* 40 NY2d 210, 223).

The record at the suppression hearing established that the police, based on information which they had received from an informant, had an "objective credible reason" not necessarily indicative of criminality that justified their approaching defendant outside the bus station *(see, People v Hollman,* 79 NY2d 181; *People v De Bour, supra; People v Edmund,* 169 AD2d 195, 199, *lv denied* 78 NY2d 1075). The officers' initial questioning of defendant was reasonable and permissible because it was limited to a request for information regarding identity, citizenship and destination *(see, People v Hollman, supra,* at 185; *People v Edmund, supra,* at 200). In response to that inquiry, the police learned that defendant was from the Do-

minican Republic, but did not have in his possession a "green card", the alien registration card which he was required by law to have on his person at all times (see, 8 USC § 1304 [e]). The failure to have an alien registration card in his possession afforded the police reasonable suspicion that defendant had committed a crime (People v Edmund, supra, at 202). Defendant was not transported to police headquarters for further questioning until after the codefendant had revealed that she was transporting cocaine and had implicated defendant. Thus, the suppression court properly denied defendant's motion to suppress his oral statements to the police.

There is no merit to defendant's contention that the court erred in denying his motion to preclude the People from offering his statements in evidence at trial based upon the People's untimely compliance with the statutory requirements of CPL 710.30. Defendant concedes that he was served with a CPL 710.30 notice at arraignment. The fact that the People mistakenly appended a copy of the codefendant's confession to that notice does not violate the notice requirements of CPL 710.30 (see, People v Manzi, 162 AD2d 955, 956, lv denied 76 NY2d 894).

From our review of the record, we conclude that the evidence was legally sufficient to support defendant's conviction for criminal possession of a controlled substance (see, People v Bleakley, 69 NY2d 490). Although defendant did not actually physically possess any cocaine, the term "possesses" includes actual or constructive possession (Penal Law § 10.00 [8]; see, People v Torres, 68 NY2d 677). Defendant's admissions that he had bought the cocaine in New York City and was bringing it to Syracuse to sell was corroborated by other proof in the record.

The other issues raised on appeal are without merit. The issue of the voluntariness of defendant's statements was properly submitted to the jury (see, CPL 710.70 [3]). The sentencing court did not abuse its discretion in sentencing defendant to an indeterminate term of 18 years to life, which is less than the possible maximum term (see, Penal Law § 70.00 [2] [a]; [3] [a] [i]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.