■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. MAHAN, Appellant. [601 NYS2d 638] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered September 12, 1991, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree (three counts) and criminal possession of stolen property in the fifth degree (three counts).

Defendant was charged with three counts of falsifying business records in the first degree and three counts of criminal possession of stolen property in the fifth degree, crimes allegedly perpetrated in his used car business. The stolen property consisted of Department of Motor Vehicles (hereinafter DMV)

inspection stickers which had been improperly affixed to vehicles defendant sold. The false entries related to illegitimate safety inspections written in defendant's Book of Registry which licensed automobile dealers are mandated to maintain. Kenneth Peasley and Brian King were two of defendant's employees who were given immunity and testified for the prosecution. Peasley, clearly an accomplice as a matter of law, testified to procuring the stolen stickers for defendant at his behest and giving them to him. King testified to his awareness of Peasley's role and that he saw the inspection stickers in defendant's possession. On two occasions King observed defendant with inspection stickers immediately prior to the placement of a stolen sticker upon a vehicle being sold. King further testified that defendant affixed a stolen sticker to a third vehicle despite defective parking brake cables which caused it to fail an earlier legitimate safety inspection.

Thus, the uncontested proof showed the subject inspection stickers were in fact stolen and that entries in the Book of Registry and on related DMV forms were made by defendant. Defendant contended that he had not personally sold the subject vehicles, that he relied upon his employees and that he merely recorded the data furnished by them. The jury found him guilty on all counts.

On this appeal, defendant contends that County Court should have charged that Peasley and King were accomplices as a matter of law. However, the defense neither requested an accomplice charge nor objected to the charge as given, and thus failed to preserve this issue for appellate review (see, People v James, 75 NY2d 874, 875; People v Rivers, 169 AD2d 883, 884, lv denied 77 NY2d 999; People v Conklin, 139 AD2d 156, 160, lv denied 72 NY2d 1044; see also, People v Whalen, 59 NY2d 273, 279-280). While it is best for the trial court to offer an accomplice charge (see, People v Leon, 121 AD2d 1, 6, lv denied 69 NY2d 830), in the absence of a suggestion that the omission resulted from anything other than a deliberate trial tactic by experienced counsel (see, People v Johnson, 6 AD2d 181, 187 [Valente, J., dissenting]), we find that the circumstances here are ill-suited for our intervention in the interest of justice.

Arguing that both Peasley and King were accomplices, defendant contends that the corroboration of their testimony was inadequate (CPL 60.22 [1]). Defendant argues that the testimony clearly proved King participated in the criminal offenses charged (see, CPL 60.22 [2] [a]) and that he was aware of defendant's activities. We cannot agree. The testimony

relied upon merely reflects that defendant told King to "kill some time" on two occasions while he placed stolen stickers on vehicles. There is no proof that King ever possessed the stolen stickers or that he ever made entries in the Book of Registry. We conclude that the evidence failed to prove that King was an accomplice in the crimes charged and that his testimony serves to corroborate that given by Peasley. Moreover, there was other evidence which served to independently corroborate the testimony of both Peasley and King. We find that the requirement in CPL 60.22 (1) has been satisfied by the introduction of a "quantum of independent, material evidence * * * sufficient * * * to support a reasonable inference that defendant was somehow implicated in the commission of the crime[s]" *(People v Springer,* 127 AD2d 250, 254, *affd,* 71 NY2d 997). Corroborative evidence need not prove guilt or actually connect the defendant with the commission of the crime *(supra).* The independent evidence here, i.e., (1) defendant's possession and control of the stolen inspection stickers, (2) the Book of Registry and other DMV forms containing the false entries personally made by him, and (3) proof of the stolen inspection stickers affixed to the three vehicles admittedly sold at defendant's lot, all support a reasonable inference that defendant was implicated in the crimes charged. Viewing the record in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the evidence meets both the "sufficiency of the evidence" and the "weight of the evidence" standards and fully supports the conviction *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant further contends that County Court erred in its *Sandoval (People v Sandoval,* 34 NY2d 371) and *Ventimiglia (People v Ventimiglia,* 52 NY2d 350) determinations. We disagree. Defendant's prior felony convictions bore directly on his credibility by showing that he placed his own personal interest above that of society. The *Sandoval* compromise, which limited the prosecutor's inquiry on cross-examination to the use of locations, dates and the term felony, but precluded the use of underlying details or titles of crimes, appropriately prevented any unwarranted prejudicial effect *(see, People v Sandoval, supra,* at 375). On the *Ventimiglia* issue, the People moved to produce evidence of 19 similar but uncharged crimes involving other inspection stickers and the entries of related data in defendant's business records. Finding that evidence of these charges would be prejudicial and cumulative, County Court precluded their use on the People's direct case but

reserved decision on whether it would permit the use of three such incidents for *Molineux* purposes *(People v Molineux,* 168 NY 264, 293) should defendant pursue a defense of lack of knowledge or mistake. We find no error in County Court's careful balancing of the competing interests of potential prejudice and the probative value, as set forth in *People v Ventimiglia (supra,* at 359), and in reaching a compromise *(supra,* at 362).

Finally, we find no merit in the contention that prosecutorial misconduct occurred in the opening and closing statements. The specific remark made by the prosecutor on his opening was: "Now ladies and gentlemen, again, this defendant is not accused of running through the streets of Albany with a sword hacking people up and mutilating them and it could be said that what he did he accomplished with the stroke of a pen." While this remark might better have been left unsaid, we do not find it so inflammatory when considered in the context of the entire opening as to have denied defendant his right to a fair trial *(see, People v La Forge,* 107 AD2d 896, 897). We find the remaining comments now challenged by defendant to be unavailing and, in the absence of objections at trial, not preserved for appeal *(see, People v Rodriguez,* 135 AD2d 586, 587, *lv denied* 70 NY2d 1010).

Mercure and Casey, JJ., concur.

Levine, J. (dissenting). In our view, the failure of County Court to charge the jury on the accomplice rule as applied to the testimony of Kenneth Peasley and Brian King cannot be characterized as harmless error in this case *(see, People v Minarich,* 46 NY2d 970, 971), and this Court should reverse in the interest of justice. All six counts of the indictment involved three automobiles sold at defendant's lot. The stolen inspection stickers defendant was charged with possessing were affixed to their windshields. The three falsifying business records counts of the indictment *(see,* Penal Law § 175.10) concern false entries of safety inspections of the same vehicles in defendant's Book of Registry.

The majority concedes that Peasley, who supplied defendant with the stolen inspection stickers, was an accomplice as a matter of law. Therefore, the jury should have been so instructed and further instructed that his testimony had to be corroborated *(see, People v Sweet,* 78 NY2d 263, 266-267; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.22, at 589).

King was defendant's sales manager during the relevant period. Among other matters upon which King gave evidence,

he testified that, when one of the three vehicles involved was sold, at defendant's request he distracted the purchaser so as to give defendant the opportunity to affix one of the stolen inspection stickers to the vehicle's windshield. King further testified that another of the vehicles involved here, *sold by him,* received a stolen inspection sticker affixed by defendant despite having defective emergency brake cables which had prevented the vehicle from passing inspection.

On the basis of the foregoing testimony, a question of fact was presented as to whether King, acting with the requisite mental culpability, aided and abetted defendant in the commission of the offenses charged in the indictment or in the commission of other offenses, thereby subjecting himself to criminal liability *(see,* Penal Law § 20.00). Among such other offenses, the cash sale of the unsafe vehicle with a sticker affixed, thereby representing to the purchaser that the vehicle had passed a bona fide safety inspection, created an issue of fact as to whether King participated in the commission of a larceny by false pretenses *(see,* Penal Law § 155.05 [2] [a]; *People v Dibble,* 135 AD2d 1075; *see also, People v Kirkup,* 4 NY2d 209). Therefore, the jury should have been instructed with respect to his testimony, first to determine whether he was an accomplice and, if the jury found he was, that corroboration was required *(see, People v Basch,* 36 NY2d 154, 157-158; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.22, at 589).

It is true, as the majority points out, that County Court's erroneous omission of a charge on the accomplice rule was not preserved for appellate review. Contrary to the majority's suggestion, however, there is not a hint in the record from which it may be inferred that defendant's failure to request an accomplice charge was a tactical decision. Such a charge would not have been inconsistent in any way with the theory of the defense, i.e., that the three vehicles were not directly sold by defendant and that he merely entered the information furnished by the actual salesperson in the Book of Registry and on the transfer documents (MV-50 forms) without knowledge of any inspection irregularities.

Under the foregoing circumstances, a principle has been developed and been applied that there should be a reversal in the interest of justice for an unpreserved error in failing to charge the accomplice rule if the conviction was substantially based on accomplice testimony. This Court has reversed in the interest of justice on that basis *(see, People v Artis,* 182 AD2d 1011, 1013), and the principle has been adopted in each of the

other Departments *(see, People v Arnott,* 143 AD2d 761, 763 [2d Dept]; *People v Leon,* 121 AD2d 1, 6 [1st Dept], *lv denied* 69 NY2d 830; *see also, People v Brown,* 175 AD2d 583, 584 [4th Dept], *lv denied* 78 NY2d 1009; *People v Green,* 170 AD2d 1024 [4th Dept], *lv denied* 78 NY2d 966).

In our view, application of the foregoing principle requires reversal in the interest of justice here. As previously noted, defendant was not the actual salesperson with respect to the three vehicles involved here. Although there may have been independent evidence that defendant made the false entries in the Book of Registry and on the MV-50 forms, the proof that he knowingly possessed the stolen inspection stickers he then affixed to the windshields of the three vehicles, and that he had knowledge of the falsity of the inspection information he entered, rested entirely on the testimony of Peasley and King. Thus, it can hardly be denied that defendant's conviction "rests substantially on the testimony of [Peasley and King]" *(People v Artis, supra,* at 1013), and there should be a reversal in the interest of justice.

Mahoney, J., concurs. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).