■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GONZALEZ, Appellant. [607 NYS2d 805] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale of marihuana in the second and fourth degrees for selling a quantity of marihuana to a 14-year-old high school student on school grounds. Defendant contends that there is insufficient evidence to corroborate the testimony of the accomplice purchaser with respect to defendant's identity as the seller and to his alleged sale of the marihuana to the student accomplice.

County Court properly instructed the jury that the student purchaser was an accomplice whose testimony had to be corroborated as a matter of law in order to convict defendant *(see,* CPL 60.22; *People v Brown,* 175 AD2d 583, *lv denied* 78 NY2d 1009; *People v Arnott,* 143 AD2d 761, 763; *People v Webster,* 123 AD2d 488; *People v Tune,* 103 AD2d 990, 991-992). The corroboration must consist of " 'evidence from an independent source of some material fact tending to show that defendant was implicated in the crime' " *(People v Moses,* 63 NY2d 299, 306).

Upon our review of the record, we conclude that the evidence is legally sufficient to corroborate the testimony of the accomplice. Defendant's cousin sufficiently corroborated defendant's identity as the boy in the white suit who was seen with the purchaser outside the school building. In addition, the testimony of the dean of students provided sufficient corroboration that a drug transaction took place between the boy in the white suit and the student. Further evidence of the transaction was provided by recovery of a bag of marihuana from the student's pants pocket a few minutes later. (Appeal

from Judgment of Genesee County Court, Morton, J.—Criminal Sale Marihuana, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.