(December 28, 1995)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HENRY, Appellant. [635 NYS2d 975] —Spain, J. Appeals (1) from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 28, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third degree (two counts), conspiracy in the second degree, criminal facilitation in the second degree and criminally using drug paraphernalia in the second degree (three counts), (2) from a judgment of said court, rendered July 28, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree, and (3) by permission, from an order of said court, entered December 23, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgments of conviction, without a hearing.

In March 1991 the State Police commenced an investigation regarding drug activities in the City of Schenectady, Schenectady County. The investigation culminated in June 1991 with the arrest of defendant, codefendant Stanley Kowalczyk and codefendant Scott Kelly. In the latter part of June 1991 three indictments were filed against defendant. Two of the indictments, which were eventually consolidated, charged defendant with two counts of criminal possession of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the third degree, conspiracy in the second degree, criminal facilitation in the second degree and three counts of criminally using drug paraphernalia in the second degree. Kowalczyk was named in each of these indictments and Kelly was named in one of the indictments. The

third indictment charged defendant only with five counts of criminal possession of a weapon in the third degree.

During most of the pretrial stages in this matter, defendant elected to represent himself *pro se*, requesting only "technical" assistance from his assigned trial counsel. Nevertheless, trial counsel made various pretrial motions and participated in a *Sandoval* hearing on defendant's behalf; thereafter a jury trial was held on the consolidated indictments. Initially, the prosecution presented State Police Lieutenant Patrick O'Hara who testified, *inter alia*, that on June 13, 1991 he and other officers apprehended Kelly on an Amtrak train in the City of Hudson, Columbia County, which was enroute from New York City to Schenectady. Kelly was in possession of a duffle bag which contained a white powder later determined to be 150 grams of cocaine. O'Hara also testified that he subsequently searched a rental car which had been rented to defendant on June 12, 1991 and found numerous bags containing a white substance, later identified to be 271.09 grams of cocaine, and various drug paraphernalia. During O'Hara's surveillance of defendant, he observed defendant, Kowalczyk and Kelly together on many occasions.

State Police Investigator Richard Sala testified, *inter alia*, that on June 13, 1991 he observed defendant drive Kelly to the Amtrak train station in Schenectady. Sala continued to follow Kelly, who was carrying a gray duffel bag, as he boarded a train and traveled to Penn Station in New York City. After Kelly departed the train Sala lost contact with him; however, Sala regained surveillance later that day when Kelly boarded a return train. At this time Sala observed Kelly carrying a more fully packed gray duffel bag and Sala was present when Kelly was subsequently apprehended aboard the train in Hudson.

State Police Investigator Guy Lawrence testified that in furtherance of his surveillance of defendant in the late evening hours of June 13, 1991 and the early morning hours of June 14, 1991, he observed and followed Kowalczyk as he drove defendant's rental car away from 122 Degraff Street in Schenectady, where defendant had rented an apartment. When Lawrence attempted to pull the vehicle over because of outstanding arrest warrants against Kowalczyk, Kowalczyk sped away and eventually lost control of the car. Kowalczyk was able to exit the rental car and flee into a wooded area; he was apprehended hours later. Numerous other State Police Investigators and Troopers testified regarding their individual participation in the investigation. Further, Walter Hepinstall

testified that it was defendant who leased the rental car later seized by the Investigators; Neal Shapiro testified that he owned the building at 122 Degraff Street and that defendant rented the apartment from him under a false name.

Kelly was called as a prosecution witness and testified, *inter alia*, that he had agreed to a plea bargain in which he would testify against defendant in exchange for a reduced sentence. Further, he stated that he had known defendant for six years but that within the last three years he had moved from Florida to Schenectady for the purpose of traveling to New York City to purchase drugs for defendant. Kelly stated that on June 13, 1991, upon defendant's direction, he traveled to New York City and purchased 150 grams of cocaine for $3,600 from a man called "Negro" and that, after the purchase was completed, he boarded an Amtrak train and was subsequently apprehended in Hudson.

Kowalczyk, who was also a prosecution witness, testified, *inter alia*, that he had agreed to a plea bargain and had also been promised a reduced sentence for his testimony against defendant. He testified that he was aware that Kelly was traveling to New York City on June 13, 1991 to purchase cocaine for defendant and that when Kelly failed to return on time, defendant directed him to remove all drugs and drug paraphernalia from the apartment, put them in the rental car and leave. Thereafter Kowalczyk attempted to evade Lawrence and later abandoned the rental car. The defense presented no witnesses.

Defendant was found guilty on all nine counts. As to the third indictment involving the weapons charges, defendant subsequently pleaded guilty to one count of criminal possession of a weapon in the third degree in full satisfaction of the indictment. On January 13, 1993 defendant moved to set aside the verdict pursuant to CPL 330.30, which County Court denied. Thereafter, defendant also moved to withdraw his plea alleging that his counsel had lied to him and mislead him on various matters; County Court also denied this motion.*

After a persistent felony offender hearing, defendant was sentenced as a persistent felon to an indeterminate term of incarceration of 25 years to life on counts one, two, three and four of the consolidated indictments, all to run concurrently with each other; 15 years to life on counts five and six of the consolidated indictments, to run concurrently with each and consecutively with counts one through four; and one year on

* Defense counsel was replaced on January 26, 1993 after defendant's assertions that he was ineffective.

counts seven, eight and nine of the consolidated indictments, to run concurrently with each other and all other counts. Defendant was also sentenced as a persistent felon to an indeterminate term of incarceration of 3 to 6 years upon his plea of guilty to criminal possession of a weapon in the third degree, to run concurrently with counts one through nine of the consolidated indictments. Defendant appeals from both judgments of conviction. Following sentencing, but before perfection of his appeal, defendant moved in County Court pursuant to CPL 440.10 to vacate his judgments of conviction, which the People opposed. County Court denied the motion without a hearing. Defendant appeals, by permission, from the order denying his CPL 440.10 motion.

We affirm. Initially, regarding defendant's contention that County Court erred in its *Sandoval* ruling, we are of the opinion, under the circumstances of this case, that County Court committed error by permitting inquiry into the four convictions which were 15 years old and older (*see, People v Contreras*, 108 AD2d 627; *People v Daniels*, 77 AD2d 745). However, based upon the two remaining convictions involving possession of weapons, as well as defendant's parole violation, which would properly have been subject to the People's inquiry, and in light of the overwhelming evidence against defendant, we conclude that County Court's error does not warrant a new trial (*see, People v Brown*, 188 AD2d 288, *lv denied* 81 NY2d 837).

Defendant's contention that the testimony of Kelly and Kowalczyk, as accomplices, was uncorroborated is totally without merit. "Corrobative evidence need not prove guilt or actually connect the defendant with the commission of the crime" (*People v Mahan*, 195 AD2d 881, 883) or establish all the elements of the offense (*see, People v Breland*, 83 NY2d 286, 292; *see also*, CPL 60.22 [1]). The testimony elicited by the prosecution, including that of the numerous members of the State Police, as previously set forth herein, "clearly tended to connect defendant with the crime[s] so as to reasonably satisfy the jury that [Kelly and Kowalczyk were] telling the truth" (*People v Linkhorn*, 184 AD2d 927, 928, *lv denied* 80 NY2d 905; *see, People v Williams*, 195 AD2d 889, 891, *lv denied* 82 NY2d 808). The record supports our conclusion that the evidence adequately connected defendant to the crimes and satisfied the mandates of CPL 60.22 (1) "by the introduction of a 'quantum of independent, material evidence * * * sufficient * * * to support a reasonable inference that defendant was somehow implicated in the commission of the crime[s]' " (*People v Ma-*

*han, supra,* at 883, quoting *People v Springer,* 127 AD2d 250, 254, *affd* 71 NY2d 997).

We also reject defendant's contention that the People failed to present sufficient evidence to convict him of the crimes and that the jury's verdict is against the weight of the evidence; in our view the record belies these contentions. Initially, " 'viewing the evidence in the light most favorable to the prosecution' " (*People v Contes,* 60 NY2d 620, 621, quoting *Jackson v Virginia,* 443 US 307, 319), the People's evidence was sufficient to sustain defendant's convictions (*see, People v Middleton,* 192 AD2d 740, *lv denied* 83 NY2d 913). Further, "viewing the evidence in a neutral light" (*People v Carthrens,* 171 AD2d 387, 392), the jury's verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant further contends that numerous alleged errors committed by his trial counsel denied him the right to a fair trial. We disagree. The record shows that his trial counsel effectively cross-examined most of the People's witnesses, made appropriate and numerous motions and objections on his behalf throughout the trial, moved to dismiss the indictment at the close of the People's evidence, made specific requests concerning the charge to be given to the jury, including a request for an accomplice charge, delivered a fluid summation in which he pointed out, *inter alia,* the lack of any direct evidence linking defendant to the crimes other than the testimony of Kelly and Kowalczyk, and otherwise provided meaningful representation (*see, People v Garcia,* 194 AD2d 1011, *lv denied* 82 NY2d 895; *People v Hope,* 190 AD2d 958, *lv denied* 81 NY2d 972). Although defendant takes exception to some of trial counsel's trial strategies, we conclude that defendant was not deprived of meaningful representation (*see, People v Garcia, supra*).

Defendant's contention that County Court erred by denying his motion to withdraw his guilty plea is also without merit. The record reflects that County Court conducted the requisite inquiry of defendant before accepting his plea to insure that the elements of criminal possession of a weapon in the third degree were established and that the plea was knowing and voluntary (*see, People v Nunez,* 170 AD2d 898, *lv denied* 77 NY2d 964). Finally, we reject defendant's contention that his sentence was harsh or excessive. The sentence imposed was within the statutory guidelines; in light of the facts of this case and defendant's criminal record, we conclude that a modification is not warranted (*see, People v Dworakowski,* 208 AD2d 1129, 1130, *lv denied* 84 NY2d 1031).

We have reviewed defendant's remaining contentions, includ-

ing his contention regarding County Court's jury charge, and find that they are either unpreserved for appellate review or without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgments and order are affirmed.