■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER KNIGHTNER, Appellant. [782 NYS2d 333]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered January 30, 2002. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a weapon in the third degree (two counts) and four traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree and dismissing counts five, six and seven of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), criminal sale of a controlled substance in the third degree (§ 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). We modify the judgment by reversing those parts convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree and dismissing counts five, six and seven of the indictment.

With respect to the conviction of criminal sale of a controlled substance, the only evidence of a sale was the testimony of the buyer who, "as a purchaser of cocaine, was an accomplice as a matter of law" (*People v Artis,* 182 AD2d 1011, 1013 [1992]). The buyer's testimony had to be supported "by corroborative evidence tending to connect the defendant with the commission of such offense," but here there was no corroboration of that testimony (CPL 60.22 [1]; *see People v Arnott,* 143 AD2d 761, 763 [1988]; *People v Webster,* 123 AD2d 488 [1986]; *People v Tune,* 103 AD2d 990, 991-992 [1984]; *see also People v Gonzalez,* 201 AD2d 906 [1994]). It is well established that "[t]he corroboration must be independent of, and may not draw its weight and probative value from, the accomplice's testimony" (*People v Steinberg,* 79 NY2d 673, 683 [1992]), and thus the testimony of the buyer that he allowed defendant to use his truck in exchange for the crack cocaine does not constitute the requisite corroboration (*see People v Wilson,* 213 AD2d 1037 [1995], *lv denied* 86 NY2d 743 [1995]).

We further conclude that the evidence is legally insufficient to support the conviction of criminal possession of a controlled substance in the third and fifth degrees (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). "To sustain a conviction [of] the crime of possession of a controlled substance, in its simplest form, the prosecution must prove beyond a reasonable doubt the presence of a controlled substance as statutorily defined, that it was physically or constructively possessed by the accused and that the possession was knowing and unlawful" (*People v Sierra,* 45 NY2d 56, 59-60 [1978]; *see also People v Mejia-Guzman,* 187 AD2d 935, 936 [1992], *lv denied* 81 NY2d 843 [1993]). Here, the People's case proceeded upon the theory that defendant was in constructive possession of the cocaine, "i.e., that he had 'dominion and control' over the area in which the cocaine was found . . . The defendant's mere presence in an area where cocaine was found is not sufficient to establish that he exercised such dominion and control as to establish constructive possession" (*People v Scott,* 206 AD2d 392, 393-394 [citations omitted] [1994]; *see People v Orta,* 184 AD2d 1052 [1992]; *People v Betances,* 145 AD2d 961 [1988]).

With respect to defendant's conviction of the remaining counts, we reject defendant's contention that the evidence is legally insufficient to support the conviction of those counts and that the verdict is against the weight of the evidence with respect to them (*see Bleakley,* 69 NY2d at 495). We also reject defendant's contention that the People committed a *Brady* violation. Supreme Court offered defendant an adjournment in order

to pursue the issue of the 911 tape recording and a collection of run sheets suggesting that a different individual was the initial suspect, and defendant rejected that offer. "[W]hile the People unquestionably have a duty to disclose exculpatory material in their control, a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witness[es] or as evidence during his case" (*People v Jackson*, 281 AD2d 906, 907 [2001], *lv denied* 96 NY2d 920 [2001] [internal quotation marks omitted]).

We reject the further contention of defendant that he received ineffective assistance of counsel. "Mere disagreement over trial strategy or the use of an unsuccessful strategy is insufficient to establish ineffective assistance of counsel" (*People v McLean*, 243 AD2d 756, 758 [1997], *lv denied* 91 NY2d 928 [1998]). Finally, the sentences imposed on the remaining counts are within the permissible statutory ranges and are not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.