■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHABAZZ VASQUEZ, Appellant. [842 NYS2d 629]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered January 25, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts) and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed for criminal sale of a controlled substance in the third degree and each count of criminal possession of a controlled substance in the third degree to indeterminate terms of incarceration of $7^1/_2$ to 15 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and conspiracy in the fourth degree (§ 105.10 [1]) and two

counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). By failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the court abused its discretion in ruling that the People could cross-examine him with respect to a previous conviction of rape (*see People v Robles*, 38 AD3d 1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]). In any event, that contention is without merit (*see People v Johnson*, 283 AD2d 331 [2001], *lv denied* 96 NY2d 920 [2001]; *see generally People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Bennette*, 56 NY2d 142, 147-148 [1982]).

We conclude that the conviction is supported by legally sufficient evidence with respect to all counts and that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In particular, we reject defendant's contention that the evidence is legally insufficient to support the conviction of criminal possession of a controlled substance under count three of the indictment. The People were required to "prove beyond a reasonable doubt the presence of a controlled substance as statutorily defined, that it was physically or constructively possessed by the accused and that the possession was knowing and unlawful" (*People v Sierra*, 45 NY2d 56, 60 [1978]; *see generally People v Mejia-Guzman*, 187 AD2d 935, 936 [1992], *lv denied* 81 NY2d 843, 82 NY2d 851 [1993]). Here, the People met that burden, based on their theory of accomplice liability with respect to that count (*see* Penal Law § 20.00), and the evidence presented at trial in support of that theory.

Although we agree with defendant that certain comments of the prosecutor on summation were inappropriate, we conclude that they were not so egregious as to deprive him of a fair trial (*see People v Cox*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 923 [1999]). We further agree with defendant that the court erred in allowing the People to present evidence of defendant's alias during their direct case, but we conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant further contends that he was denied effective assistance of counsel on the ground that defense counsel had a conflict of interest. We reject that contention, inasmuch as defendant failed to establish "that the conduct of his defense was in fact affected by the operation of the [alleged] conflict of interest, or that the conflict operated on the representation" (*People v Harris*, 99 NY2d 202, 210 [2002] [internal quotation marks omitted]).

Finally, in view of the circumstances of this case, including

the small quantity of cocaine possessed and sold by defendant, we conclude that the sentences imposed for the criminal sale of a controlled substance in the third degree and each count of criminal possession of a controlled substance in the third degree are unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing those sentences to indeterminate terms of incarceration of 7½ to 15 years. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.