■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAYS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered July 11, 1989, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant asserts that his right to counsel was violated when, upon being returned to the State on a bench warrant issued in connection with a prior robbery case upon which he was ultimately sentenced in absentia while represented by counsel, law enforcement officials questioned him and obtained both oral and videotaped statements concerning the instant crimes. As the Court of Appeals in *People v Harris* (79 NY2d 909) held, however, a criminal defendant who is sentenced in absentia while represented by counsel does not have a right to counsel for the subsequent execution of sentence. Accordingly, no derivative right to counsel existed at the time the statements were made concerning the instant case, and the hearing court properly denied suppression.

The defendant also contends that the trial court improperly permitted the prosecutor to question him in detail about a prior conviction for sexual misconduct, which the court had initially ruled, after a *Sandoval* hearing, would not be the subject of questioning. However, during the course of his direct and cross-examination, the defendant placed his character and past conduct toward women in issue by testifying, in substance, that his personal attitudes and standards regarding the treatment of women precluded him from engaging in the type of conduct alleged during the trial. Accordingly, the trial court did not err in ruling that the defendant had " 'opened the door' " to limited questioning about the sexual misconduct case *(see,* CPL 60.40 [2]; *People v Julien,* 182 AD2d 642; *People v Delancey,* 173 AD2d 838; *People v Rios,* 166 AD2d 616).

Finally, the defendant's challenges to the prosecutor's conduct during the trial are largely unpreserved for appellate review. In any event, the prosecutor's conduct did not serve to compromise the defendant's right to a fair trial. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.