OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The Appellate Division correctly concluded that the trial court erred in permitting the prosecutor to cross-examine defendant about two prior crimes which the court’s earlier
 
 Sandoval
 
 ruling had previously disallowed
 
 (see, People v Sandoval,
 
 34 NY2d 371). As the court below noted, defendant’s equivocal statements on cross-examination did not open the door to questions about those crimes, both of which involved knife-point robberies in Central Park
 
 (see, People v Fardan,
 
 82 NY2d 638, 646). The exchange on which the People rely is as follows:
 

 “prosecutor: [Did you tell the victim that the park c]ould be a dangerous place because people get robbed * * *?
 

 “[defense counsel]: Objection
 

 “court: Overruled
 

 “defendant:
 
 I don’t know what takes place there.
 

 “prosecutor: You told [the victim] this part of the park could be dangerous, right?
 

 “defendant: No, I did not. I did not tell him this part of the park could be dangerous.
 

 “prosecutor: What did you say?
 

 “defendant: I said, this park can be dangerous.
 

 “prosecutor: Means what just happened to you * * * is a dangerous thing, right?
 

 “defendant: No.
 

 “prosecutor: What did you mean?
 

 “defendant: Anything else could happen.
 

 “prosecutor: He could have been robbed at knife point?
 

 “defendant:
 
 Who’s me to say”
 
 (emphasis supplied).
 

 
 *825
 
 The italicized comments are, as best, ambiguous and cannot fairly be construed, as the People urge, as assertions by defendant that he had not previously committed robberies in Central Park. Thus, they do not provide a justification for modifying the earlier
 
 Sandoval
 
 ruling and permitting cross-examination about defendant’s convictions based on factually similar crimes
 
 (cf., People v Rodriguez,
 
 85 NY2d 586, 591;
 
 People v Fardan, supra).
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.