■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CRESPO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MORALES, Appellant. [764 NYS2d 411] —Judgments, Supreme Court, Bronx County (Robert Straus, J.), rendered May 3, 2001, convicting each defendant, after a jury trial, of murder in the second degree, and sentencing each defendant to a term of 25 years to life, unanimously affirmed. Order, same court and Justice, entered on or about July 9, 2001, which denied defendant Crespo's motion to vacate judgment, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility were properly considered by the jury and there is no basis for disturbing its determinations.

The court should have submitted to the jury the factual issue of the possible accomplice status (*see* CPL 60.22) of a witness who, inter alia, went through the victim's wallet (*see People v Leon*, 121 AD2d 1, 7 [1986], *lv denied* 69 NY2d 830 [1987]). However, the court properly declined to deliver such a charge as to a second witness who could not have been reasonably viewed to be an accomplice. Since the first witness's testimony was extensively corroborated by that of the second witness, as well as the scientific evidence, we conclude that the error in failing to deliver an accomplice charge as to the first witness was harmless (*see People v Brown*, 209 AD2d 233 [1994], *lv denied* 85 NY2d 860 [1995]).

The record establishes that defendant Morales waived his right to be present at all sidebar conferences with prospective jurors, and fails to support his claim that his waiver was limited in any manner (*People v Keen*, 94 NY2d 533, 539 [2000]).

We conclude that under the particular circumstances presented, a sidebar conference with a prospective juror who refused to discuss a personal matter in the presence of defendants constituted a conference "held solely at the behest of the defense" (*see People v Keen*, 94 NY2d 533, 539 [2000]).

Accordingly, there was no violation of defendant Crespo's right to attend that conference. Crespo's contention that he was denied the right to counsel is unavailing because the court rescinded its order directing counsel not to discuss the details of the sidebar conference with his client and there was no possibility of prejudice.

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.