Crane, J.,
dissents and votes to reverse the judgment and order a new trial with the following memorandum, with which Luciano, J, concurs: I agree with the majority’s conclusion that the Supreme Court erred in modifying its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), to permit the prosecutor to question the defendant about a prior conviction which the court had previously ruled was to be excluded (see People v Moore, 92 NY2d 823, 824-825 [1998]; People v Fardan, 82 NY2d 638, 645-646 [1993]; People v Beniquez, 215 AD2d 678, 679 [1995]). I do not agree, however, that the evidence of the defendant’s guilt of murder in the first degree was so overwhelming as to render harmless the Supreme Court’s error in allowing the prosecutor to cross-examine the defendant regarding his 1998 assault conviction.
The defendant was arrested on July 21, 1999, and charged with two counts of murder in the first degree, four counts of murder in the second degree, and criminal possession of a weapon in the second and third degrees for allegedly shooting and killing Wayne Flowers and Franklin Dennis on July 4, 1999, at the Vanderveer Houses. In written and videotaped pretrial statements, the defendant stated that he had shot Flowers and Dennis, both members of the Crips gang, because he feared they were going to carry out a decree calling for him to be killed. Before trial, the defendant moved to suppress his postarrest statements on the grounds that they were involuntary and were taken in violation of his right to counsel. The defendant testified at a Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]) that, from the moment he was taken into custody, the police engaged in a course of intimidation, threats, promises, deprivations, and physical abuse, in order to get him to confess. The defendant also claimed that he requested an attorney but the police ignored his request. The Supreme Court credited the testimony of the arresting officers and denied suppression of the defendant’s statements, finding that they were voluntarily made *453 after the defendant knowingly and willingly waived his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]).
At a Sandoval hearing (see People v Sandoval, supra), the Supreme Court ruled that the prosecution would be precluded from inquiring into the underlying facts of the defendant’s 1998 conviction for assault in the third degree. However, the Supreme Court ruled that, if the defendant testified at trial and claimed that he did not understand what the police were talking about when they gave him his Miranda warnings, then he would open the door to questioning regarding prior occasions in which he had been arrested and given Miranda warnings. The questioning could include all of the underlying facts of the 1998 assault case.
Despite the fact that the defendant never violated the only condition of the Sandoval ruling, the Supreme Court revised its ruling after the defendant’s direct testimony to enable the prosecutor to question the defendant regarding the 1998 assault case. The underlying facts of that case, about which the Supreme Court permitted cross-examination allegedly to establish that the defendant had a good rapport with his former counsel, concerned an incident that occurred at the apartment of the defendant’s aunt. The defendant was asked, but denied, whether the case involved his following a girl into the bathroom and making sexual advances towards her, putting a knife to her throat when she refused to comply, and cutting her hand when she grabbed the knife. The jury acquitted the defendant of the murder of Wayne Flowers, but found him guilty of murder in the first degree of Franklin Dennis.
The question of whether reversal is required by the Supreme Court’s error in revising its Sandoval ruling entails a two-tiered analysis. First, this Court must determine whether the proof of the defendant’s guilt, without reference to the error, is overwhelming (see People v Crimmins, 36 NY2d 230, 241 [1975]). Only if the proof was overwhelming must this Court determine whether there was a significant probability that the jury would have acquitted but for the error (see People v Crimmins, supra at 242; People v Johnson, 57 NY2d 969, 970 [1982]).
A subtext is also presented: but for the error, is there a significant possibility that the jury would have rejected the defendant’s alleged inculpatory statements as reliable and admissible beyond a reasonable doubt? Merely because there exists a pretrial ruling denying their suppression does not mean that the defendant could not ask the jury for a de novo review of the voluntariness of his statements (see CPL 710.70 [3]; People v Graham, 55 NY2d 144 [1982]; People v Rose, 223 AD2d 607, 608 [1996]).
*454 Other than the defendant’s statements to the police and the prosecutor, which the defendant claimed were coerced; the People’s evidence at trial included the testimony of Marcus Molloy, a then 16-year-old acquaintance of Franklin Dennis, with a criminal history and gang membership, who had been sitting outside the Vanderveer Houses with Dennis at 3:00 a.m. smoking marijuana when Dennis was shot. At the time of the trial this 16-year-old witness was serving a jail sentence for robbery in the first degree, and admitted that he had committed many other robberies and that he was coming up shortly for parole. He belatedly came forward to reveal his story to the police as a means, perhaps, to enhance his own chances for parole release. Quite an unsavory witness! The only other witness—and her testimony applies to both victims—was Cindy Jean, a 19 year old who claimed to be acquainted with the defendant, whom she knew through her boyfriend, “Fife.” This 19-year-old witness testified that “around” July 4, 1999, the precise date she did not remember, she went to an apartment in the Vanderveer Houses, the number or location of which she could not remember, where “somebody” gave her a McDonald’s bag wrapped in a plastic bag to deliver to her boyfriend. The defendant was present in this apartment. The 19-year-old witness testified that she did not know what was in the McDonald’s bag, but the People would have us believe it contained the murder weapon.
This evidence is far from overwhelming under the first prong of Crimmins. Accordingly, there is no need to reach the second step in the harmless error analysis, whether there is a significant-probability that the jury would have acquitted the defendant but for the error (see People v Crimmins, supra at 242; but compare People v Ayala, 75 NY2d 422, 431 [1990], with People v Gilmore, 66 NY2d 863, 867 [1985]). However, were I to reach this question I would conclude that complete acquittal was probable. With the trial focused on the voluntariness of the defendant’s statements to the police and the prosecutor, the admission of testimony regarding the underlying facts of the 1998 assault case was far too prejudicial to conclude that the jury’s view of the evidence was not distorted by this testimony. If the underlying facts of the 1998 assault case had been omitted from cross-examination, the jury would have had a clear-cut issue of credibility between the defendant’s version of how his statements to the police and the prosecutor were elicited and the diametrically-opposed versions of the People’s witnesses. The jury clearly accepted the defendant’s version in part because it acquitted him of the charges as to Flowers. Take away the defendant’s statements and the possibility of acquittal of all the charges becomes significant.
*455 The majority too narrowly applies the Crimmins test by asserting that the defendant’s allegedly coerced statements constitute part of the overwhelming evidence against him. This approach begs the question of whether there is overwhelming proof of the defendant’s guilt aside from the Supreme Court’s error in revising its Sandoval ruling. If the revision was error, a conclusion on which we all agree, it cannot be said that the issue'of coercion of the defendant’s statements was not adversely influenced in the jury’s mind. Therefore, to weigh those statements with the other weak evidence of guilt repudiates the first prong of Crimmins: “[U]nless the proof of the defendant’s guilt, without reference to the error, is overwhelming, there is no occasion for consideration of any doctrine of harmless error” (People v Crimmins, supra at 241 [emphasis added]).
In sum, the proof of the defendant’s guilt, without reference to the error, was far from overwhelming {cf. People v Crimmins, supra at 241), and if it was otherwise, I could not conclude that there is no significant probability that the jury would have acquitted the defendant had it not been for the error which occurred {cf. People v Crimmins, supra at 242).
Accordingly, I would reverse the judgment of conviction and order a new trial.