■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOUP HATCHER, Appellant. [772 NYS2d 826]—

Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered May 2, 2002, convicting defendant, after a jury trial, of four counts of criminal contempt in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 4 to 8 years, and order, same court and Justice, entered on or about June 19, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the ground that the prosecutor had violated the trial court's *Sandoval* (*People v Sandoval*, 34 NY2d 371 [1974]) ruling. Defendant's direct testimony tended to assert his innocence as to his prior criminal contempt conviction, and thus opened the door to cross-examination concerning the facts leading up to that conviction (*see People v Fardan*, 82 NY2d 638, 646 [1993]). The scope of cross-examination was consistent with the court's specific warning to defendant, given at the end of the *Sandoval* proceeding, concerning the circumstances under which the court might modify its original ruling, and the effect of such a modification.

The court correctly denied defendant's motion to vacate judgment alleging ineffective assistance of counsel. The court properly found that the trial record was sufficient to permit review of this issue on direct appeal (*see* CPL 440.10 [2] [b]). We note that the circumstances of trial counsel's decision not to call certain witnesses are adequately developed on the record. Upon our review of the entire trial record, we conclude that counsel provided effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions, including his argument that certain conduct by the prosecutor violated the State Constitution, are unpreserved (*see People v Robinson*, 74 NY2d 773, 775 [1989], *cert denied* 493 US 966 [1989]; *People v Hamlin*, 71 NY2d 750, 762 [1988]), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.