■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD CHESTNUT, Appellant. [806 NYS2d 224]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 22, 2004, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of his right to be present at trial by his exclusion from an informal conference with respect to the waiver by a witness of his privilege against self-incrimination. The conference from which the defendant was excluded was an ancillary proceeding dealing only with the rights of the witness. The defendant had no right to be present at such a proceeding (*see People v Harris*, 99 NY2d 202, 212 [2002]; *People v Morales*, 80 NY2d 450, 456 [1992]; *People v Mullen*, 44 NY2d 1, 5 [1978]; *People v Whitt*, 304 AD2d 378 [2003]; *People v Babb*, 226 AD2d 469 [1996]).

Because the crime of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), of which the defendant was acquitted, included, as defined in the trial court's charge, an element (i.e., the weight of the cocaine possessed by the defendant) that is not common to the crimes of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [1]), of which the defendant was convicted, the verdict was not repugnant (*see People v Tucker*, 55 NY2d 1, 6-8 [1981]; *see also People v Rayam*, 94 NY2d 557, 561-563 [2000]; *People v Goodfriend*, 64 NY2d 695, 697 [1984]).

Although the County Court should have charged the jury that the witness to whom the defendant transferred the cocaine was an accomplice as a matter of law (*see People v Knightner*, 11 AD3d 1002 [2004]; *People v Arnott*, 143 AD2d 761 [1988]; *People v Webster*, 123 AD2d 488 [1986]), the error was harmless, since the evidence of the defendant's guilt was overwhelming and there is no reasonable probability that the error affected the verdict (*see People v Crimmins*, 38 NY2d 407, 412 [1975]; *People v Crespo*, 308 AD2d 383 [2003]).

The defendant's remaining contention is without merit. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.