◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALLOCCO, Appellant. [823 NYS2d 696]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (DiFiore, J.), rendered November 6, 2003, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BIANCHI, Appellant. [824 NYS2d 426]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Guidice, J.), rendered July 10, 2003, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor violated the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]). However, any perceived error was harmless in light of the court's curative instructions (*see People v Lovacco,* 59 NY2d 294, 299-300; *People v Ross,* 262 AD2d 429, 429-430 [1999]) and the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

Further, the replacement of the defendant's assigned counsel with standby counsel on the ground that counsel's health issues could have affected his ability to communicate with the jury was appropriate (*see People v Knowles,* 88 NY2d 763, 766-767 [1996]; *People v Childs,* 247 AD2d 319, 324-326 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.