■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMIREZ, Appellant. [875 NYS2d 11]—

Judgments, Supreme Court, New York County (Arlene R. Silverman, J.), rendered September 13, 2006, convicting defendant, after a jury trial, of robbery in the second degree, assault in the second degree and bribing a witness, and also convicting him, upon his plea of guilty, of two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 18 years to life, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The convictions that the court permitted the People to elicit were all highly relevant to defendant's credibility, even though one of them was some-

what similar to one of the charged crimes, and they were not excessively numerous or remote.

The court properly exercised its discretion when it slightly modified its *Sandoval* ruling as a result of defendant's testimony. On direct and cross-examination, defendant persistently made unnecessary references to his having pleaded guilty in other cases. Although he did not state it directly, it was clear that the point he was trying to make was that whenever he was guilty of a crime in the past he would plead guilty, so that the absence of a guilty plea in this case implied his innocence. Defendant thus opened the door to limited cross-examination tending to show that certain guilty pleas were motivated by a desire to avoid conviction of more serious charges (*see People v Cooper*, 92 NY2d 968 [1998]). In any event, the difference between the information permitted under the original *Sandoval* ruling and the information ultimately elicited was minimal.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence amply supported the physical injury element of second-degree robbery (*see People v Chiddick*, 8 NY3d 445 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]; *People v James*, 2 AD3d 291 [2003]).

Defendant's remaining argument is without merit. Concur— Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.