# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1370**

**KA 11-00316**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JEREMY SNYDER, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

JEREMY SNYDER, DEFENDANT-APPELLANT PRO SE.

JEFFREY S. CARPENTER, ASSISTANT DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered January 14, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Prior to trial, defendant sought a *Sandoval* ruling precluding the prosecutor from questioning him concerning three prior convictions if he were to testify at trial, including a conviction of sexual abuse in the first degree based upon acts occurring more than nine years prior to trial. With respect to that conviction and defendant's subsequent conviction for failure to comply with the requirements of the Sex Offender Registration Act (Correction Law § 168 *et seq*.), County Court ruled that the prosecutor could ask defendant "if he was convicted of two felonies since the date of [an earlier] conviction without mentioning either one of those, because of the fact that they do relate to the two charges that are presently before the Court," i.e., rape in the first and second degrees. During cross-examination, defendant testified that he had moved out of the residence that was the scene of the crime because he did not approve of the activities that were taking place there. The prosecutor asked defendant if he "didn't approve, because [he was] generally a law-abiding person," and defendant replied that "[n]obody's perfect, sir. We all make mistakes." The prosecutor then asked "[d]oes that mean yes, you are generally a law-abiding person, or otherwise," and defendant replied "[f]or the past three years of my life, yes, sir."

The prosecutor thereupon elicited testimony from defendant that he would never harm a teenager such as the victim, and that he would never force himself upon another person sexually. Finally, the prosecutor was permitted to ask, over objection, whether defendant had been convicted of sexual abuse in the first degree. We agree with defendant that the prosecutor violated the court's *Sandoval* ruling. Consequently, we reverse the judgment of conviction and grant a new trial.

Initially, we note that defendant failed to preserve for our review his contentions that the prosecutor violated the court's *Sandoval* ruling with respect to the earlier questions in the above line of inquiry (*see* CPL 470.05 [2]), although, as noted, he objected to the latter question. We exercise our power to review the merits of his contentions with respect to the earlier questions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The prosecutor, despite the court's *Sandoval* ruling, asked a series of general questions regarding prior bad acts by defendant, and then questioned him specifically regarding the precluded prior conviction. The Court of Appeals has long "recognized that the 'cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial' " (*People v Smith*, 18 NY3d 588, 593, quoting *People v Sandoval*, 34 NY2d 371, 377), and indeed the court precluded questioning regarding the prior sexual conviction to obviate any such prejudice. The prosecutor's initial questions with respect to whether defendant led a law-abiding life were in violation of the court's *Sandoval* ruling, which limited the prosecutor to asking certain specific questions about defendant's prior convictions. The prosecutor circumvented that ruling by asking the general questions, and he then used defendant's responses as the basis for asking specific follow-up questions that elicited testimony regarding the precluded sexual abuse conviction. Contrary to the People's contention, defendant did not open the door to questioning on the subject of his prior sexual abuse conviction (*cf. People v Rios*, 166 AD2d 616, 618, *lv denied* 77 NY2d 842). A defendant opens the door to cross-examination concerning previously-precluded evidence where, inter alia, "defendant's testimony was meant to elicit an incorrect jury inference" (*People v Cooper*, 92 NY2d 968, 969). Here, defendant's testimony that he had been a law-abiding citizen for the last three years was, at "best, ambiguous and cannot fairly be construed, as the People urge, as assertions by defendant that he had not previously committed" the crime of sexual abuse approximately nine years earlier (*People v Moore*, 92 NY2d 823, 825). Moreover, although defendant later testified that he would never harm a teenager such as the victim and that he would never force himself upon another person, the questions that elicited those responses were in violation of the court's *Sandoval* ruling. The People may not elicit a general statement by asking questions that violate the *Sandoval* ruling for the sole purpose of circumventing that ruling. The court therefore erred in concluding that defendant opened the door to questioning about the prior sexual abuse conviction (*cf. People v Ramirez*, 60 AD3d 415, 416, *lv denied* 12 NY3d 928; *People v Santmyer*, 231 AD2d 956, 956; *People v*

*Mays*, 187 AD2d 535, 535, *lv denied* 81 NY2d 843).

Defendant also contends that the indictment was jurisdictionally defective because it failed to specify the date upon which the crimes alleged in the indictment occurred. We reject that contention. The indictment alleged that the rape and endangering the welfare of a 13-year-old girl occurred during November 2008. The four-week time period alleged is reasonable under the circumstances (*see People v Coapman*, 90 AD3d 1681, 1682, *lv denied* 18 NY3d 956; *People v Aaron V.*, 48 AD3d 1200, 1201, *lv denied* 10 NY3d 955; *People v Risolo*, 261 AD2d 921, 921-922).

Defendant further contends that the court erred in refusing to subpoena certain records regarding counseling received by the victim. Inasmuch as the judgment of conviction must be reversed, we direct that the court conduct an in camera review of the records to ascertain whether they relate to the crimes charged in the indictment (*see generally People v Tissois*, 72 NY2d 75, 77-78; *People v Gissendanner*, 48 NY2d 543, 549-550).

Contrary to defendant's contentions in his pro se supplemental brief, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). In view of our determination to reverse the judgment and grant a new trial, we do not address defendant's remaining contentions, including those raised in his pro se supplemental brief.

Entered:  February 1, 2013                          Frances E. Cafarell
                                                    Clerk of the Court