People v Henderson (2022 NY Slip Op 07009)

People v Henderson

2022 NY Slip Op 07009

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Ind No. 4566/18 Appeal No. 16845 Case No. 2020-00838 

[*1]The People of the State of New York, Respondent,
v
Paul Henderson, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Kameron Johnston of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered November 25, 2019, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.
Defendant was accused of stealing a $150 temperature-controlled mug from a Starbucks by concealing it in one of his bags and then exiting the store without paying for it. One employee noticed the theft and notified a second employee. The second employee then followed the defendant out of the store. Defendant and the employee gave starkly different accounts as to what happened when the employee confronted the defendant on the street.
The employee testified that he caught up to defendant, saw the mug in his bag, and told defendant to give it back. The defendant responded by asking "Is your life worth this $5 mug?" Defendant, who was carrying two bags, dropped one, reached into the other with his right hand and as he did so, the employee saw a flash of steel in the bag. The employee testified that he thought that defendant was threatening his life and thought that defendant was going to pull out a knife and stab him. In response, the employee backed off and defendant ran away.
In contrast, defendant testified that the employee yelled at him and asked him about the mug from about 20 feet away. Defendant, without dropping anything, brusquely turned around and told the employee "Fuck you, Go away." Defendant then continued walking away from the Starbucks. Defendant testified that at no time during the incident did he have a knife in in his bag or threaten the employee.
Defendant was charged with petit larceny (Penal Law § 155.25) and robbery in the third degree (Penal Law § 160.05) because of the allegation that he threatened the employee. Aside from the testimony provided by the employee and defendant, there was no other evidence proving or disproving that a threat was made during the incident. Thus, defendant's credibility was a central issue at trial.
Pretrial, the trial court issued a Sandoval ruling. In pertinent part, that ruling permitted the People to elicit that defendant had been convicted of three unspecified felonies, without identifying them or eliciting their underlying facts. On direct examination, when asked if he had ever been convicted of a crime in New York, defendant answered, "[y]es." When asked,"[d]o you know how many," he testified, "[a]pproximately maybe two or three felonies. Maybe four or five misdemeanors."
On cross-examination, when the prosecutor asked defendant if he had been convicted of three felonies, defendant replied, "I guess so." In response to the prosecutor's next question, defendant said he was not sure how many felony convictions he had. The court then modified its Sandoval ruling and permitted the People to exceed the scope of the initial Sandoval [*2]ruling by inquiring about the underlying facts of those felony convictions, which included drug and theft-related crimes.
Defendant's trial testimony did not open the door to a prejudicial modification of the court's Sandoval ruling. Defendant was entitled to rely on the trial court's original Sandoval ruling as a matter of "plain fairness" (People v Fardan, 82 NY2d 638, 646 [1993]).
None of defendant's responses on direct or cross-examination were so incorrect or misleading as to permit the court's modification (see People v Moore, 92 NY2d 823, 825 [1998]; People v Beaumont, 170 AD2d 513, 514-15 [2d Dept 1991], lv denied 77 NY2d 958 [1991]). Unlike cases in which Sandoval modifications were found to be appropriate (see e.g. People v Wynn, 208 AD2d 576, 577 [2d Dept 1994], lv denied 85 NY2d 916 [1995]; People v Argentieri, 66 AD3d 558, 560 [1st Dept 2009], lv denied 14 NY3d 769 [2010]; People v Hatcher, 5 AD3d 218, 218 [1st Dept 2004], lv denied 3 NY3d 641 [2004]), here defendant did not attempt to assert his innocence in past cases, deny the existence of any of his convictions, or mischaracterize the crimes he had committed.
We find that the error was not harmless, and that it warrants reversal in the interest of justice despite the lack of preservation. The case amounted to a credibility contest over whether the incident was a forcible taking or was merely a larceny (see People v Gatewood, 241 AD2d 372 [1st Dept 1997], appeal dismissed 91 NY2d 947 [1998]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]), and accordingly defendant is not entitled to dismissal of the indictment. Because we are ordering a new trial, we find it unnecessary to reach defendant's remaining claims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022