People v Williams (2023 NY Slip Op 01312)

People v Williams

2023 NY Slip Op 01312

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-12269
 (Ind. No. 674/18)

[*1]The People of the State of New York, respondent,
v
Lionel Williams, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 30, 2019, convicting him of attempted rape in the first degree and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by indictment with three counts of attempted rape in the first degree (Penal Law §§ 110.00, 130.35) (counts 1, 3, and 5) and three counts of sexual abuse in the first degree (Penal Law § 130.65[1]) (counts 2, 4, and 6) arising out of an uninterrupted course of conduct occurring during the same time frame and at the same location. As amplified by the bill of particulars, counts 3 and 4 occurred subsequent to counts 1 and 2, and counts 5 and 6 occurred subsequent to counts 3 and 4. For purposes of differentiating between the counts for the jury, the counts were distinguished by the position of the victim; counts 1 and 2, face to face with the defendant; counts 3 and 4, face down; counts 5 and 6, standing. The defendant was also charged with two counts of tampering with physical evidence (Penal Law § 215.40) (counts 7 and 8). The jury convicted the defendant of attempted rape in the first degree under count 3 and tampering with physical evidence under counts 7 and 8, but acquitted him of all of the other charges.
The defendant's contention that there was legally insufficient evidence to support his convictions is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the submission of multiplicitous counts to the jury violated his state and federal constitutional rights to a fair trial and due process is unpreserved for appellate review (see CPL 470.05[2]). In any event, the counts charging attempted rape in the first degree (counts 1, 3, and 5) as set forth in the indictment, and as amplified by the bill of particulars, are multiplicitous, as all three counts are based on a single, uninterrupted incident occurring on the same day during the same time frame (see People v Alonzo, 16 NY3d 267, 269-270; People v Campbell, 120 AD3d 827, 827; People v Jagdharry, 118 AD3d 722, 723). The issue, however, has been rendered academic because the jury acquitted the defendant of counts 1 and 5 (see People v Harris, 129 AD3d 990; People v Stabb, 9 AD3d 738; People v Smith, 113 AD2d 905). Furthermore, and contrary to the defendant's contention, the verdict convicting the defendant of attempted rape in the first degree under count 3, but acquitting him of attempted rape in the first degree under counts 1 and 5 is not repugnant. "[A] verdict is repugnant only if it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other," and "[i]f there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (People v Muhammad, 17 NY3d 532, 539-540). "A jury is . . . free to extend leniency and may decide not to convict a defendant of one or more charges notwithstanding the court's legal instructions" (People v Muhammad, 17 NY3d at 539; see People v Tucker, 55 NY2d 1, 4, 6-7). Based on the instructions given to the jury and viewed from a theoretical perspective without regard to the evidence at trial, it was possible for the jury to convict the defendant of attempted rape in the first degree under count 3 and acquit him of attempted rape in the first degree under counts 1 and 5 (see People v Muhammad, 17 NY3d at 541). Moreover, the jury may have "exercised mercy" (People v Tucker, 55 NY2d at 7; see People v Nicoletti, 189 AD3d 1082, 1083).
The defendant's contention that the County Court erred in denying his application for a mistrial is without merit. The decision to grant a mistrial lies within the sound discretion of the trial court, which is in the best position to determine whether a mistrial is necessary to protect the defendant's right to a fair trial (see People v Ortiz, 54 NY2d 288, 292). In balancing the proper considerations, a court should consider "the availability of less drastic means of alleviating whatever prejudice may have resulted" from the error (People v Young, 48 NY2d 995, 996). Here, the defendant's request for a mistrial stemmed from his contention that a statement made by a detective during his testimony indicating that the defendant "was a known registered sex offender in the area," in effect, violated the court's prior Sandoval/Ventimiglia ruling (see People v Ventimiglia, 52 NY2d 350; People v Sandoval, 34 NY2d 371). However, the court properly struck that portion of the detective's testimony and instructed the jury to disregard it, which instruction the jury is presumed to have followed (see People v Martin, 141 AD3d 734, 736; People v Brescia, 41 AD3d 613, 614). Moreover, the court also offered to give an additional curative instruction (see generally People v Schlackman, 153 AD3d 641, 642). Any perceived error was harmless in light of the court's instruction to the jury to disregard the stricken portion of the detective's testimony (see People v Bianchi, 34 AD3d 690) and the overwhelming evidence of the defendant's guilt (see People v Crimmins, 36 NY2d 230; People v Bianchi, 34 AD3d 690).
The County Court properly denied the defendant's request for an adverse inference charge as to a surveillance video showing the defendant in the vicinity of the incident. The record does not establish that the prosecution was ever in possession of such video evidence (see People v Suchite, 191 AD3d 906; People v Robinson, 143 AD3d 744, 745).
The defendant's contention that the sentence imposed improperly penalized him for exercising his right to trial is unpreserved for appellate review (see People v Hargroves, 27 AD3d 765, 765). In any event, the contention is without merit (see People v Acosta, 177 AD3d 581; People v Durkin, 132 AD3d 668, 669). The sentence imposed was not otherwise excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court