People v Franklin (2025 NY Slip Op 01975)

People v Franklin

2025 NY Slip Op 01975

Decided on April 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 3, 2025

113123
[*1]The People of the State of New York, Respondent,
v
Rudolph Franklin, Appellant.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Clinton County (Timothy Lawliss, J.), rendered September 22, 2021, upon a verdict convicting defendant of the crimes of robbery in the second degree, criminal use of a firearm in the second degree and petit larceny.
In 2017, defendant was charged in a three-count indictment with robbery in the second degree (see Penal Law 160.10 [2] [b]), criminal use of a firearm in the second degree (see Penal Law § 265.08 [2]) and grand larceny in the fourth degree (see Penal Law § 155.30 [1]) related to the robbery of a convenience store in the City of Plattsburgh, Clinton County. During trial, the People's request to reduce the charge of grand larceny in the fourth degree to the crime of petit larceny (see Penal Law § 155.25) was granted, and defendant was thereafter convicted of all three counts. Defendant was sentenced, as a second felony offender, to two concurrent prison terms of 14 years, to be followed by five years of postrelease supervision, for his convictions of robbery in the second degree and criminal use of a firearm in the second degree, and to a lesser concurrent term of incarceration for his conviction of petit larceny. Defendant was also fined $5,000 and ordered to pay certain surcharges and fees. Defendant appeals.
Defendant advances a litany of substantive arguments, however, trial counsel failed to preserve each argument advanced before this Court (see CPL 470.05 [2]). As a result, we focus our discussion on defendant's claim that he was deprived of the effective assistance of counsel.
" 'What constitutes effective assistance is not and cannot be fixed with precision' " (People v Carnevale, 101 AD3d 1375, 1378 [3d Dept 2012] [brackets omitted], quoting People v Rivera, 71 NY2d 705, 708 [1988]). "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Shuler, 231 AD3d 1285, 1286 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 1082 [2025]). The standard in New York "is more protective than the Federal standard because even in the absence of a reasonable probability of a different outcome, inadequacy of counsel will still warrant reversal whenever a defendant is deprived of a fair trial" (People v Kellum, 233 AD3d 1374, 1381 [3d Dept 2024] [internal quotation marks and citation omitted]; see People v Guy, 233 AD3d 1352, 1357 [3d Dept 2024]). In making this determination, "we consider whether the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Wilson, 164 AD3d 1012, 1019 [3d Dept 2018] [internal quotation marks and citation omitted]; see People v Lewis, 224 AD3d 1143, 1155 [3d Dept 2024], lv denied [*2]42 NY3d 939 [2024]).
We find that defendant was denied meaningful representation as trial counsel made errors, one of which being particularly egregious in nature, that resulted in the deprivation of defendant's right to a fair trial (see People v Kent, 235 AD3d 1094, ___, 227 NYS3d 772, 775-776 [3d Dept 2025]; People v Taylor, 163 AD3d 1275, 1279 [3d Dept 2018], lv denied 32 NY3d 1068 [2018]). Prior to trial, the People provided notice that if defendant were to testify, they would seek to introduce his multiple past convictions to impeach his credibility on the stand. Over defendant's objection, County Court permitted the introduction of defendant's 2014 conviction of criminal possession of stolen property in the fourth degree, 2011 conviction of burglary in the third degree, 2011 conviction of harassment in the first degree and 2007 conviction of criminal contempt in the second degree. The court did preclude the introduction of defendant's multiple remaining convictions on the basis that the risk of undue prejudice outweighed their probative value, considering the remoteness of these convictions. This ruling included, as is relevant here, defendant's prior conviction of rape in the third degree. The People then indicated to the court that parole officers would testify to defendant's status as a parolee at the time of the underlying offense to explain that his whereabouts were tracked using a GPS monitor. Defendant's trial counsel consented to the introduction of this information on the condition that a limiting instruction be provided to the jury, and the parole officers not be permitted to testify as to why defendant was on parole or the underlying facts and circumstances of his parole status. The People indicated that they had no intention to introduce this information. Despite this on-the-record attestation, that is just what occurred. Ketja Kellett, defendant's assigned parole officer, testified that she supervised "primarily sex offenders" and then affirmatively stated that defendant was assigned to her caseload because of his status as a sex offender, and that he was under "certain sex offender restrictions because he was being supervised as a sex offender." Trial counsel lodged no objection to this testimony.
Kellett's testimony effectively circumvented the court's earlier Sandoval ruling precluding the introduction of defendant's past rape conviction by allowing her to testify that defendant was a sex offender (see People v Osman, 228 AD3d 1007, 1013 [3d Dept 2024]; People v Currier, 83 AD3d 1421, 1422 [4th Dept 2011]; cf. People v Snyder, 103 AD3d 1143, 1145 [4th Dept 2013]; compare People v Redd, 217 AD2d 564, 564 [2d Dept 1995], lv denied 87 NY2d 850 [1995]; People v Cooper, 166 AD2d 888, 888 [4th Dept 1990], lv denied 76 NY2d 1020 [1990]). The People had already affirmed on the record that they would not seek to introduce the basis for defendant's parole supervision, and defendant had consented to this so long as the testimony be restricted [*3]and a limiting instruction provided. The details offered by Kellett were not necessary to establish defendant's status as a parolee, as she could have merely testified that defendant was under parole supervision without elaborating upon his status as a sex offender. Despite the crimes charged not being of a sexual nature, the testimony in question introduced highly prejudicial information that "ha[d] no purpose other than to show that . . . defendant is of a criminal bent or character and thus likely to have committed the crime[s] charged" (People v Sandoval, 34 NY2d 371, 377 [1974] [internal quotation marks and citation omitted]). However, trial counsel made no objection to this testimony or, in the alternative, no request for a curative instruction. Thus, the prejudice resulting from this testimony was not dissipated "by promptly and clearly advising the jury that the comments were improper and should be completely disregarded" (People v Davis, 208 AD2d 1062, 1063 [3d Dept 1994], lv denied 84 NY2d 1010 [1994]; cf. People v Smith, 224 AD3d 1221, 1222 [4th Dept 2024], lv denied 41 NY3d 985 [2024]; compare People v Williams, 214 AD3d 828, 830 [2d Dept 2023], lv denied 39 NY3d 1158 [2023]; People v Velett, 205 AD3d 1143, 1146-1147 [3d Dept 2022], lv denied 39 NY3d 988 [2022]).[FN1]
While counsel will not be held to have been ineffective for failing to make an objection that has little to no chance of success (see People v Jenne, 224 AD3d 953, 959 n 2 [3d Dept 2024], lv denied 42 NY3d 927 [2024]; People v Mansfield, 223 AD3d 1111, 1116 [3d Dept 2024], lv denied 42 NY3d 928 [2024]), an appropriate objection would have been successful here considering County Court's prior Sandoval ruling precluding information related to defendant's rape conviction and the People's on-the-record affirmation that they would not solicit testimony regarding the basis for defendant's parole status. Correspondingly, "the failure to request limiting instructions may constitute ineffective assistance of counsel if the error were so serious that defendant did not receive a fair trial" (People v Case, 197 AD3d 985, 988 [4th Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1160 [2022]). We perceive no strategic or legitimate explanation for trial counsel's failure to object or, at a minimum, request a curative instruction specific to this testimony. Thus, "[trial] counsel's error was so egregious and prejudicial as to compromise defendant's right to a fair trial" (People v Stefanovich, 136 AD3d 1375, 1378 [4th Dept 2016] [internal quotation marks, ellipsis and citation omitted], lv denied 27 NY3d 1139 [2016]).
Although we find this error on the part of trial counsel to have, by itself, deprived defendant of a fair trial (see People v Kent, 235 AD3d at ___, 227 NYS3d at 775-776; People v Taylor, 163 AD3d at 1279), we would be remiss not to briefly address trial counsel's failure to object to law enforcement testimony describing interviews with individuals [*4]who refuted defendant's previously claimed alibi. This testimony presented arguably inadmissible evidence of a hearsay nature, which defendant claims presented a Crawford violation (see generally Crawford v Washington, 541 US 36, 51-52 [2004]; People v Wakefield, 175 AD3d 158, 168 [3d Dept 2019], affd 38 NY3d 367 [2022], cert denied ___ US ___, 143 S Ct 451 [2022]). However, trial counsel lodged no objection, essentially allowing defendant to be impeached regarding an alibi he did not attempt to present at trial. The cumulative effect of these errors on the part of trial counsel unquestionably deprived defendant of meaningful representation requiring reversal (see People v Stewart, 231 AD3d 1480, 1482 [4th Dept 2024], lv denied 42 NY3d 1054 [2024]; People v Alvarenga, 218 AD3d 485, 488 [2d Dept 2023], lv denied 40 NY3d 1038 [2023]; People v Taylor, 156 AD3d 86, 96-97 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]).
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial.

Footnotes

Footnote 1: As the People point out, County Court did provide a limiting instruction as to defendant's parole status, consistent with defendant's consent, in that the court instructed the jury that it "may not as a matter of law draw any negative inference against the defendant with respect to the pending charges because he was on parole . . . at that time of the alleged offense."