People v Torres (2025 NY Slip Op 06341)

People v Torres

2025 NY Slip Op 06341

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2018-06017
 (Ind. No. 2441/16)

[*1]The People of the State of New York, respondent,
v
Paul A. Torres, appellant. Steven A. Feldman, Manhasset, NY (Arza Feldman of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered April 10, 2018, convicting him of burglary in the first degree (two counts), burglary in the second degree (three counts), robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the testimony of a police detective regarding conversations with a cooperating witness did not constitute improper bolstering or inadmissible hearsay. The testimony at issue "was properly admitted for the relevant, nonhearsay purpose of establishing the reasons behind the detective's actions, and to complete the narrative of events leading to the defendant's arrest" (People v Prince, 128 AD3d 987, 987 [internal quotation marks omitted]; see People v Speaks, 124 AD3d 689, 691), and it did not constitute improper bolstering (see People v Rosario, 100 AD3d 660, 661; cf. People v Bacenet, 297 AD2d 817, 818). Furthermore, the County Court specifically instructed the jury on the limited purpose of this testimony and that the testimony was not admitted for its truth (see People v Prince, 128 AD3d at 987; People v Johnson, 40 AD3d 1011, 1012).
The defendant's contention that the County Court should have severed his trial from that of a codefendant is unpreserved for appellate review (see CPL 470.05[2]). In any event, the [*2]charges against the defendant and the codefendant were properly joined because they were part of a common scheme or plan (see id. § 200.40[1][b]; People v Wright, 166 AD3d 1022, 1023-1024). Moreover, the evidence against the defendant and the codefendant was supplied by the same witness (see People v Wallace, 261 AD2d 493), and the defenses asserted by the defendant and the codefendant were not in irreconcilable conflict with each other (see People v Caldwell, 150 AD3d 1021, 1022; People v Lau, 148 AD3d 932, 935).
The County Court providently exercised its discretion in denying the defendant's request for a missing witness charge as to two witnesses. The defendant's request for the charge was untimely, as it was not made until the close of all evidence (see People v Anderson, 180 AD3d 923, 924-925, affd 36 NY3d 1109). Moreover, the People established that the uncalled witnesses were not under their control (see id.; People v Picart, 171 AD3d 799, 800; People v Roseboro, 127 AD3d 998, 999).
The defendant failed to preserve for appellate review his contention that the County Court erred in failing to charge the jury that a certain witness was an accomplice as a matter of law pursuant to CPL 60.22 (see id. § 470.05[2]). In any event, while the court should have charged the jury that the witness was an accomplice as a matter of law (see People v Chestnut, 24 AD3d 463, 464), the error was harmless because the evidence of the defendant's guilt was overwhelming and there was no significant probability that the error affected the verdict (see People v Crimmins, 38 NY2d 407; People v Chestnut, 24 AD3d at 464).
Contrary to the defendant's contention, the County Court properly denied his motion for a mistrial based on the testimony of the arresting officer regarding the defendant's spontaneous statement. "The decision to grant a mistrial lies within the sound discretion of the trial court, which is in the best position to determine whether a mistrial is necessary to protect the defendant's right to a fair trial" (People v Williams, 214 AD3d 828, 830). The defendant's statement was properly admitted to show the relationship between the defendant and a codefendant as they were charged as accomplices in the home invasion (see People v Harris, 117 AD3d 847, 854, affd 26 NY3d 1). The probative value of this testimony outweighed the potential prejudicial effect (see People v Dunbar, 74 AD3d 1227, 1228)
Contrary to the defendant's further contention, the County Court properly denied his motion for a mistrial based on two fleeting comments by the arresting officer during his testimony. The arresting officer stated that he was working in the "gang enforcement" unit when he surveilled the defendant, and the officer further stated that he approached the defendant with his gun drawn because "he was aware of the violent history" of the defendant. Here, the court sustained the defendant's objection to each of the comments and alleviated any resulting prejudice by directing the jury to disregard the comments (see People v Williams, 214 AD3d at 830). Any perceived error was harmless in light of the court's instruction to the jury (see People v Bianchi, 34 AD3d 690) and the overwhelming evidence of the defendant's guilt (see People v Crimmins, 36 NY2d 230; People v Bianchi, 34 AD3d 690).
Contrary to the defendant's contention, the County Court properly denied his motion for a mistrial based on the jury being informed that the defendant was incarcerated prior to the trial. The People entered into evidence a recording of a telephone call in which the defendant participated while incarcerated, and the jury was presented with a transcript of the call. "Evidence indicating a defendant was incarcerated pending trial may impair a defendant's presumption of innocence" (People v Zelaya, 170 AD3d 1206, 1207). Here, the record reflects that the jury was not played the portion of the call that indicated that the defendant was incarcerated, the transcript was promptly taken away from the jury, and the court instructed the jury to disregard the transcript, as it was not evidence. The jury is presumed to have followed the court's directive (see People v Stone, 29 NY3d 166, 171; People v Louime, 209 AD3d 1038, 1040).
Contrary to the defendant's contention, the County Court properly admitted a police officer's testimony that a disassembled gun was recovered from the codefendant's car. This testimony was relevant, as the trial testimony established that at least two guns were used during the [*3]burglary and linked the codefendant's car to the burglary (see People v Harris, 117 AD3d at 854).
The defendant's contention that a reference by one of the People's witnesses to an alleged uncharged crime deprived him of a fair trial is without merit. Any prejudice to the defendant was ameliorated when the County Court instructed the jury to disregard the testimony (see People v Colon, 189 AD3d 875).
The defendant's contention that the County Court failed to comply with the procedure for addressing jury notes set forth in People v O'Rama (78 NY2d 270, 277-278) when it responded to Jury Note 1 is unpreserved for appellate review (see People v Martinez, 186 AD3d 1530, 1531). The alleged procedural defect did not constitute a mode of proceedings error, which would obviate the preservation requirement, as the record demonstrates that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the contents of Jury Note 1 (see People v Nealon, 26 NY3d 152, 160-161; People v Price, 197 AD3d 1182, 1184; People v Martinez, 186 AD3d at 1532). Upon the court's request for further clarification, the jury responded that it wanted a "print-out of what you read to us this morning." The court then advised the jury, "You can't get that. So, if you need something else with respect to that send me another note." The court's response did not constitute an improvident exercise of its discretion as the jury did not request a copy of the text of a statute (see CPL 310.30). Moreover, the jury's subsequent note, requesting that the court re-read a part of the jury charge, demonstrates that the jury understood and complied with the court's direction to send out another note should it need further clarification (see People v Bohn, 198 AD3d 669).
The defendant failed to preserve for appellate review his contention that the County Court erred in its response to Jury Note 3, requesting a readback of defense counsel's closing statement (see CPL 470.05[2]). In any event, the court providently exercised its discretion in refusing the request (see People v Velasco, 77 NY2d 469, 474; People v Smith, 4 AD3d 378). After the court's response, the jury did not seek further instruction (see People v Aguilar, 41 NY3d 335, 339).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court